THOMAS S. PAGE, Respondent, v. ALBERT BECKER, Appellant.

1. A promise by A to B upon a consideration moving from B to A, to pay C, a debt of B to C will not authorize an action by C against A, there being no privity of contract.

2. A purchased land of B, and agreed to pay off the note which B had given, and secured by a mortgage upon the land. The note not having been paid by A or B to the holder of the encumbrance, C paid and took up the note from the holder, and sued A upon his promise made to B. *Held*, that he could not recover for want of privity, and for want of consideration.

*Appeal from St. Louis Circuit Court.*

Z. Ward and J. J. Page bought real estate of Lewis Hampton, and to secure the payment of the purchase money exe-

cuted their notes at one and two years, with a mortgage upon the property. Subsequently, they sold the real estate to the defendant Becker, who assumed to pay said notes and mortgage as part payment of the purchase by him. Becker failing to pay the note first falling due, the plaintiff Thomas S. Page paid the money due Hampton, and obtained the note, and then sued Becker upon the note, setting up a contract in writing between Ward and Page and the defendant's agent, as authorizing a recovery by himself.

Upon the trial, the evidence presented a state of facts as detailed above, and the defendant, among other instructions, asked one—that the plaintiff can not recover under the pleading and proof in this case; which was refused, and verdict and judgment were given for the plaintiff, and defendant appealed.

*J. K. Knight*, for appellant.

I. Plaintiff can not avail himself of the contract between Z. Ward and J. J. Page without an assignment of that contract to himself. There being no privity of contract between him and the defendant, he was a stranger to the transaction both at law and equity. (Town of Milton v. Story, 11 Verm. 101; City of Louisville v. Hyatt, 5 B. Mon. 199.)

II. The taking up the note for honor of maker, did not assign the contract. If proceeding directly against the parties to the note, the plaintiff could not recover on the doctrine of *supra protest*. (Story on Prom. Notes, p. 453, § 453; Byles on Bills, 207–210; Chitty on Bills, 165, 236; Konig v. Bayard, 1 Pet. 250.)

III. This is not a case of novation and substitution. (Addison on Cont., 1005; Burge on Suretyship, 166.)

IV. The assignment of the note (if taking it up for honor was such) worked an assignment of the mortgage security. (Crow v. McCreary & Co., 4 Iowa, 434; Dick v. Maury, 9 Smed. & Marsh, 448.) The plaintiff then held a double security, one against the makers of the note and the other

against the property itself. (Kretzer v. Bradstreet, H. G. Greene, R. 382.)

*Decker & Voorhis*, for respondent.

The brief of respondent's counsel was principally confined to a question as to the authority of defendant's agent and the subsequent ratification of his acts.

Upon the point upon which the case turned they presented the following:

The ratification by Becker of his agent's act, in making the written agreement to-pay the notes mentioned therein, made the notes his own debt, which he agreed to pay as part consideration for the land purchased.

His making the payment of the notes his own debt, takes the agreement out of the statute of frauds. (Browne on Stat. Frauds, 162; Barber v. Bucklin, 2 Denio, 45; Brown v. Curtis, 2 Comst., N. Y., R. 229; Farley v. Cleveland, 4 Cow., R. 432.)

It was not necessary that Becker's promise should be in writing. (Dearborn v. Parks, 5 Greenl. 81; Ellwood v. Monk, 5 Wend. 235; Bank Mo. v. Benoist, 10 Mo. 519; Robbins v. Ayres, 10 Mo. 538.)

BATES, Judge, delivered the opinion of the court.

This cause was heretofore submitted to the court, and an opinion prepared but not delivered. The parties now consent that the opinion may be filed and considered as the judgment of the court. The judgment of the court below is therefore reversed, the other judges concurring.

EWING, Judge. The only question we deem it necessary to consider in this case is whether upon the agreement alleged in the petition Page could maintain the action. The general rule, to which it is claimed this case is an exception, is, that the person from whom the consideration of the contract actually moved is the party to sue, and that a stranger

to the consideration can not maintain an action ; in other words, that there must be a privity of contract between the parties to the suit in order to render the defendant liable to an action by the plaintiff on the contract. In the cases of the Bank of Mo. v. Benoist & Hackney, 10 Mo. 519, and Robbins v. Ayres, 10 Mo., 538, it was held that where the promise was made for the benefit of a third person he might maintain an action in his own name against the promiser. In the case of Manny et al. v. Frazier's adm'r, 27 Mo. 420, which is similar to this, the principle of the former decisions was held not to be applicable. In that case the partnership firm of Bell & Sticknell was indebted to the plaintiff on two promissory notes. Bell sold his interest in the concern to Frazier, who, on coming into the firm, agreed with B. & S. to assume to pay certain debts of the firm, among which were the two notes. It was held the action was not maintainable ; that it was not like a promise of A. to pay B. for the benefit of C., and there was no privity of contract between the defendant's intestate and the plaintiffs. The cases of Blymire v. Boistle, 6 Watts, 182, and Morrison v. Beckley, Id. 349, cited by the court in that opinion, clearly brings this case within the principle there recognized. In Mellen v. Whipple, 1 Gray, 324, a case exactly in point, one Rollen owed plaintiff's testator, and had secured the debt by mortgage on his land. He afterwards conveyed the equity of redemption to Whipple, the defendant by a deed containing a clause declaring " that said premises are subject to a mortgage for five hundred dollars, with interest, which mortgage, with the note for which it was given, said Whipple is to assume and cancel." The court decided the action would not lie. In the case at bar, John J. Page and Ward were the debtors of one Hampton on two promissory notes, to secure which they conveyed to him certain real estate. Subsequently they sold and conveyed the same property, or their equity of redemption, to the defendant Becker, who, as the evidence tended to prove, through an agent, agreed with the grantors to pay and satisfy the mortgage. The note first due, the one sued on, not be-

ing paid by Becker at maturity, was paid by the plaintiff to whom Hampton assigned it. The action is upon the agreement then made between John J. Page and Ward of the one part, and Becker of the other. There was no privity of contract between the plaintiff and defendant, nor did the consideration of the promise move from the plaintiff. The defendant acquired only an equity of redemption, the fee being in Hampton; and the plaintiff, as the assignee of the latter, has the property, and also the personal responsibility of the mortgagors to secure the debt. The defendant could have had no benefit of his purchase of the equity without paying the mortgage notes, and his agreement to do so was for the benefit of his grantors, and was a matter exclusively between the parties to that deed. There is evidence that Becker recognized his liability to pay the notes both before and after they had been assigned by Hampton to the plaintiff, but the plaintiff does not go upon the hypothesis of a promise by Becker to him directly. No such case is made by the petition; no express promise is averred therein, and if there had been, it would have been without consideration.

Judgment reversed; Judge Napton concurring.