MEYER, MAY *et al.*, Appellants, *v.* JOHN W. LOWELL, Respondent.

1. *Practice, Civil — Pleadings — Action — Account — Item — Contract, privity of.*—A statement of an account between A. and B. showed certain balances against A. C., having purchased the stock of A., wrote an indorsement on the back of the account, assuming the same, and obligating himself generally to pay it, but without any privity of contract with $\cancel{C}$. B. brought suit against C. upon the stipulation, without setting out in his petition the items of the account as provided by section 38, p. 661, Gen. Stat. 1865; but filed the account showing the balances against defendant. *Held*, that, for the purpose of the suit, the filing of that paper was sufficient, and that B. was not in such sense a stranger to the consideration of the contract as to prevent him from suing thereon in his own name.

*Appeal from Fifth District Court.*

*Vories & Vories*, for appellants.

Section 38, p. 661, Gen. Stat. 1865, is not applicable to this case. Here the written assumption of the respondent is the foundation of the action and the principal thing, and the amount of the debt the incident.

*Woodson*, and *Strong & Chandler*, for respondent.

I. The account sued on is not a bill of items or particulars, as required by the statute. (Gen. Stat. 1865, p. 661, § 38.)

II. Plaintiffs' petition does not state facts that will in any event authorize proof or judgment. The contract or agreement sued on is an agreement between J. W. Horr & Co. and defendant Lowell, and the plaintiffs are not parties thereto. (Manny *et al*. v. Frazier's Adm'r, 27 Mo. 419; Page v. Becker, 31 Mo. 466; Chitty on Cont. 55–7.)

CURRIER, Judge, delivered the opinion of the court.

The petition shows that the firm of J. W. Horr & Co. were indebted to the plaintiffs in the sum of $1,189.47; that, while thus indebted, the firm sold out its establishment to the defendant, who, in adjusting the purchase money, gave a stipulation, signed by him, the material parts of which, bearing upon the questions to be considered, are as follows: "Having purchased the stock of goods of J. W. Horr & Co., * * * I hereby assume the within account of May, Weil & Co. (the plaintiffs) so far as the same may be, correct, * * * and obligate myself to pay the same, or so much thereof as I may be bound for, in six months from date." This stipulation is indorsed on the back of the plaintiffs' account against said Horr & Co., which shows the aggregates or balances against them for different sales of merchandise, sixteen in all, amounting to the said sum of $1,189.47.

The petition counts on this stipulation as an agreement on the part of the defendant to pay the plaintiffs the amount of Horr & Co.'s indebtedness to them, subject to the conditions set out in the agreement.

At the trial, all evidence tending to establish the correctness of the account referred to in the stipulation was excluded upon the ground that no copy of the account, as contemplated by the statute (Gen. Stat. 1865, p. 661, § 38), was filed with the petition, or the items thereof set out in the pleading. The account

itself, however, was filed with the petition — that is, the account referred to in the defendant's stipulation — and that must be deemed sufficient for the purposes of this action, which is not founded upon the account, but upon the defendant's written contract. The court was therefore wrong in excluding the evidence in question.

The more difficult question raised in the cause relates to the sufficiency of the petition. It is objected that it does not state facts sufficient to constitute a cause of action, in the plaintiffs' name and favor, against the defendant. And this starts the inquiry whether the plaintiffs were in such sense strangers to the consideration of the contract as to preclude them from suing thereon in their own names.

The decisions on this subject have not been uniform—the more ancient rulings, in like cases, inclining against the right thus to sue; while the more modern, and especially the American, cases lean in its favor. Parsons states the matter thus: "In some cases in which the consideration did not pass directly from a plaintiff, and the promise was not made directly to him, it has been made a question how far he might avail himself of it, and bring an action in his name, instead of the name of the party from whom the consideration moved, and to whom the promise was made. It seems to have been anciently held as a rule of law (though not uniformly so) that no stranger to the consideration of an agreement could have an action thereon, although it were made for his own benefit. * * * But it seems to be held in recent cases that, while the rule itself is not denied, it would be generally held inapplicable where the beneficiary has any concern whatever in the transaction. * * * In this country the right of a third party to bring an action on a promise made to another for his benefit, seems to be more positively asserted, and we think it would be safe to consider this a prevailing rule with us; indeed, it has been held that such promise is to be deemed made to the third party if adopted by him, though not cognizant of it when made." (1 Pars. on Cont. 466, § 15.)

In Lawrence v. Fox (20 N. Y. 268) it was held, upon a thorough review, that an action lies on a promise made by the defendant,

upon valid consideration, to a third party for the benefit of the plaintiff, although the plaintiff was not privy to the consideration; and that (per Johnson, C. J., and Denio, J.) such promise is to be deemed made to the plaintiff if adopted by him, though he was not a party to or cognizant of it when made. In that case the plaintiff had no direct connection with the promise, nor was it made to him, nor did the consideration proceed from him. The action was, nevertheless, sustained. In Robbins v. Ayres (10 Mo. 538), the defendant bought a boat of a third party, and agreed to pay the "hands" on the boat $600, as a part of the consideration; and it was held that the "hands" might sue for and recover the amount in an action in their own names, provided the promise to pay the $600 was upon a contract not under seal, and that there was no necessity of a consideration moving from the "hands." Bank of Missouri v. Benoist & Hackney (10 Mo. 519) was cited as settling this doctrine. These cases are not overruled in Manny v. Frazier (27 Mo. 419), and Page v. Becker (31 Mo. 466). Ewing, J., in delivering the opinion of the court in the latter case, recognized the case in 10 Mo. as holding that "where the promise was made for the benefit of a third person, he might in his own name maintain an action against the promisor," and then proceeds to pass upon the case he had under consideration upon its own peculiar facts. So the court held in Manny v. Frazier that the principle involved in the former decision did not apply to that case. It is my opinion, therefore, in view of the previous decisions of this court and the general drift of the later adjudications, that the plaintiffs may maintain an action in their own name against the defendant upon the contract sued upon. This result involves no injustice to the defendant, but simply holds him to accountability upon his undertaking, according to its evident purpose and intent.

The action of the District Court in affirming the judgment of the Common Pleas Court is accordingly reversed and the cause remanded. The other judges concur.