ELLIS, *Appellant*, v. HARRISON *et al.*, *Appellants*.

DIVISION ONE.

1. **Parties**: CONTRACT FOR BENEFIT OF THIRD PERSON. A person for whose benefit an express promise is made in a valid contract between others may in this state maintain an action thereon in his own name.

2. ———— : ————. The beneficiary of such a contract does not acquire a better standing to enforce it than that of a contracting party.

3. **Partnership Agreement**: PAROL EVIDENCE. Where partnership articles provided that a firm should assume the "mercantile debts" of the then jobbing business of one of the partners, oral evidence was admissible of contemporaneous acts and declarations of the parties and of the opening entries in their firm books to prove the sense in which those terms were used.

4. **Written Contract**: AMBIGUITY: EVIDENCE. Where language of a written contract is ambiguous, the mutual construction given it by the parties is admissible to show their meaning.

5. ———— : INTERPRETATION : INTENTION. The object of interpretation of instruments should be to reach the actual intention of the parties.

6. **Practice**: ISSUE OF FACT OR LAW: WAIVER. When a party by instructions has submitted an issue to the trial court as one of fact, he cannot, on appeal, maintain that it should have been treated as an issue of law.

7. **Constitution**: JURISDICTION OF SUPREME COURT. In a case where one judgment embodies a finding against plaintiff as to three counts of the petition, involving more than $2,500, and against defendant as to the fourth count, involving less than that sum, both parties appealing, the supreme court has jurisdiction to determine both appeals under the constitution of Missouri, article 6, section 12.

8. **Attachment**: ACCEPTOR OF BILL OF EXCHANGE BEFORE MATURITY. The acceptor of a bill of exchange for accommodation of the drawer cannot, under Revised Statutes, 1889, section 522, maintain an attachment against the latter before maturity of the paper and before any payment on account thereof.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

THOMAS ELLIS, SR., is plaintiff and W. P. Harrison and Thomas Ellis, Jr., are defendants in the action.

Plaintiff presents four demands stated separately. In his petition they appear thus:

First count, for $3,900, and interest, represented by notes.

Second count, upon one note for $3,338.73, and interest.

Third count, upon one note for $800, and interest.

Fourth count, for money laid out and expended for the use of defendants.

The notes on which the first three counts depend were all signed by Thomas Ellis, Jr., to the order of plaintiff, and the liability of the present defendants for them is alleged to arise out of the following facts. Mr. Ellis, Sr., and Mr. Ellis, Jr., his son, had a place of business at Kansas City, Missouri, as partners, under the style of Thomas Ellis & Co., in the tobacco trade, prior to November 14, 1884, at which date that firm dissolved. By the terms of dissolution Mr. Ellis, Sr., sold his interest in the partnership effects, etc., to Mr. Ellis, Jr., who took the assets and proceeded with the business under the same name as that of the late firm. Mr. Ellis, Jr., did not pay cash for his father's interest thus acquired, but gave his notes ( at several months' time ) therefor. Those are the notes on which the first three counts of the petition are based. After plaintiff received them from Mr. Ellis, Jr., the maker, the latter formed a

partnership under the style of Harrison & Ellis, February 1, 1885, with W. P. Harrison, his codefendant now. It is claimed that the latter is liable for these notes, by virtue of the contract creating the partnership of Harrison & Ellis.

By its terms it was, among other things, agreed that, in opening the books of Harrison & Ellis, "the mercantile debts of the said present jobbing business of the said Thomas Ellis, Jr., shall be assumed by the firm of Harrison & Ellis."

Plaintiff asserts that by reason of this stipulation between Mr. Ellis, Jr., and his codefendant, Mr. Harrison, the latter became bound to plaintiff for the said notes of Mr. Ellis, Jr., given in November, 1884, to acquire the interest of Mr. Ellis, Sr., the plaintiff in the old firm of Thomas Ellis & Co., because the notes so given constituted "mercantile debts" of the said "jobbing business," at the time Mr. Harrison came in, February 1, 1885. Defendant denies this contention.

The first three counts of the petition and the answer denying them raise the issue above indicated.

The fourth count is predicated upon an acceptance by plaintiff of a bill of exchange, drawn by the defendants, April 14, 1885, for their accommodation, upon which the firm of Harrison & Ellis realized the proceeds before maturity. It appears that plaintiff was obliged to pay this draft at maturity in the sum of $360, to the use of defendants in consequence of his said acceptance, but after this action was begun.

The allegations in this count were also denied by defendant. The cause was tried by the court without a jury. The result was a finding for one defendant, Mr. Harrison, on each of the first three causes of action. Mr. Ellis, Jr., made no defense, and hence findings were entered against him for the sums claimed in the three counts mentioned.

On the fourth count the court found for plaintiff against both defendants to the amount of $411.66 (including interest).

After judgment accordingly and the necessary motions and exceptions by plaintiff and Mr. Harrison, both of them appealed to the supreme court. The other material facts will appear in the course of the opinion.

*Frank Titus* for appellant, Thomas Ellis, Sr.

(1) The trial court erred in overruling plaintiff's motion, requesting the sustaining of the attachment prior to going to trial on the merits. *Green v. Craig,* 47 Mo. 90 ; *Cannon v. McManus,* 17 Mo. 345 ; *Hatry v. Shuman,* 13 Mo. 547. (2) The court erred in admitting illegal evidence in behalf of defendant Harrison. Parol testimony will not be permitted to vary or change such partnership contract as against plaintiff. *Carpenter v. Jamison,* 75 Mo. 285 ; *Jennings v. Brizadine,* 44 Mo. 335 ; *Bond v. Worley,* 26 Mo. 253 ; *Lone v. Price,* 5 Mo. 101 ; *Tracy v. Iron Works,* 29 Mo. App. 342 ; *Burges v. Badger,* 124 Ill. 288 ; *Langell v. Langell,* 17 Oregon, 220-229 ; *Adair v. Adair,* 5 Mich. 204 ; 71 Am. Dec. 779 ; *Melton v. Watkins,* 24 Ala. 433 ; *Cargill v. Corby,* 15 Mo. 425 ; *Everett v. Chapman,* 6 Conn. 347 ; *Coffing v. Taylor,* 16 Ill. 457 ; *Parkhurst v. Van Cortlandt,* 1 John. Ch. 273 ; *Martin v. Hamlin,* 18 Mich. 364 ; *Selden v. Myers,* 20 How. 506 ; *Henderson v. Mayhew,* 2 Gill. 393 ; 1 Greenl. Ev. [14 Ed.] sec. 275. Under the pleadings and evidence plaintiff was entitled to recover against Harrison on all the counts in his petition. As to the first three counts, defendant's liability rests upon the stipulations in his partnership agreement for plaintiff's benefit, and his acts thereunder and the plaintiff's acquiescence therein. The defendant is absolutely bound. *Rogers v. Gosnell,* 58 Mo. 589 ; *Cress v. Blodgett,* 64 Mo. 449, 452 ; *Burton v. Larkin,* 36 Kan. 246 ; *Shamp v. Meyer,* 20 Neb. 223 ; *McAdaras v. King,* 10 Mo. App. 578 ; *Tournade v. Methfessel,* 3 Hun, 144 ; *Fitzgerald v. Barker,* 85 Mo. 13 ; *State ex rel.*

*v. Potter*, 63 Mo. 212. The admission into a firm of a new partner is a sufficient consideration for his assumption of existing debts. *Jones v. Bartlett*, 50 Wis. 589 ; *Shaw v. McGregor*, 105 Mass. 96 ; 1 Addison on Contracts [3 Am. Ed.] sec. 109. (5) Much slighter testimony than that of plaintiff in this case is sufficient to prove an assumption by an incoming partner of prior existing debts. *Cross v. Bank*, 17 Kan. 336 ; *Wheat v. Hamilton*, 53 Ind. 256 ; *Register v. Dodge*, 61 How. Pr. 107 ; *Rolfe v. Flower*, L. R. 1 P. C. 27 ; *Ex Parte Jackson*, 1 Vesey, Jr. 131 ; Lindley on Partnerships [4 Ed.] p. 392. (6) While the partnership books are evidence against the partners, any discrepancies, irregularities or omissions therein are not competent as evidence to weaken or discredit the plaintiff's claim. *Shackelford v. Shackleford*, 32 Gratt. 481, 507 ; 2 Lindley on Part. [2 Am. Ed. Ewell] p. 537. (7) The phrase "mercantile debts" used in the partnership contract of defendants properly embraced the debts owing to plaintiff and sued on in this action. *Jones v. Bartlett*, 50 Wis. 589. (8) There is no ambiguity in the partnership agreement of defendants, and it was the duty of the court to properly construe it. *Pearson v. Carson*, 69 Mo. 550 ; *Fruin v. Railroad*, 89 Mo. 397.

*Henry N. Ess* and *Gage, Ladd & Small* for appellant, W. P. Harrison.

Error was committed by the court below upon this branch of the case as follows : *First.* The objection to the introduction of any testimony under the fourth count of the petition should have been sustained. *Second.* Plaintiff's fourth declaration of law should have been refused. *Third.* The declaration asked by defendant Harrison that there could be no recovery on the fourth count should have been given. *Fourth.* Under the pleadings and evidence the finding and judgment should have been for the defendants. There was

no evidence to sustain the finding and judgment. The plaintiff accepted the draft in question for the accommodation of the defendants. He was, therefore, surety for them. The draft was dated April 14, 1885, was payable sixty days after its date, and matured June 16. The petition alleges that it was paid on or about June 14, 1885. The suit was commenced May 4, 1885. At that time the defendants were not the debtors of the plaintiff, nor did they become so until his payment of the draft. They owed him nothing due, or to become due. The surety's right of action only arises upon his payment of the debt. Until then he can do nothing and a right of action must be complete at the time the suit is commenced. The subsequent acquisition of the right—as in this case, by the payment of the draft pending suit—will not enable him to maintain an action brought before the right accrued. Until the plaintiff had paid this draft, no one possessed a right of action against the defendants on it, or on account of it, except the holder thereof, whoever he might be. *Hearne v. Keath*, 63 Mo. 84 ; *Dennison v. Soper*, 33 Iowa, 183 ; *Read v. Ware*, 2 La. Ann. 498 ; *Price v. Merritt*, 13 La. Ann. 526 ; *Todd v. Shouse*, 14 La. Ann. 428 ; *Black v. Zacharie*, 3 How. ( U. S. ) 483 ; *Benson v. Campbell*, 6 Porter ( Ala. ) 455 ; Drake on Attachment [ 6 Ed. ] secs. 27*a*, 28, and cases cited ; Brandt on Suretyship, sec. 176.

*Gage, Ladd & Small*, for W. P. Harrison, respondent.

(1) All of the plaintiff's declarations of law were given, but the court found the facts against him. It found that the debts sued for were not "mercantile debts of the present jobbing business of Thomas Ellis, Jr.," and, under the rules of practice in this court, that finding will not be disturbed. *Meyer v. McCabe*, 73 Mo. 236 ; *Fulkerson v. Mitchell*, 82 Mo. 13 ; *Handlan v.*

*McManus*, 100 Mo. 124. (2) The written statement
number 3 was a contemporaneous writing relating to
the subject-matter of the written contract, and was
admissible in evidence upon that ground. *Liebke v.
Methudy*, 14 Mo. App. 65; s. c., 18 Mo. App. 143. (3)
Evidence of the circumstances under which a contract
was made and the relations of the parties is admissible
to aid in the ascertainment of its meaning. *Lash v.
Parlin*, 78 Mo. 391; *Edwards v. Smith's Adm'r*, 63
Mo. 119; *Lumber Co. v. Warner*, 93 Mo. 374. (4)
The subsequent acts of the parties under the contract,
giving practical construction to its terms, may be shown
by parol. *Wolfe v. Dyer*, 95 Mo. 551; *Patterson v.
Camden*, 25 Mo. 13; *Jones v. De Lassus*, 84 Mo. 545.

BARCLAY, J.—There are two appeals in this cause.
That of the plaintiff will be first considered. It con-
cerns the correctness of the findings and judgment in
favor of defendant, Mr. Harrison, upon the first three
counts in the petition.

These causes of action are founded on debts, in the
shape of notes, which existed in favor of plaintiff from
his son, Mr. Ellis, Jr., at the time when the latter and
defendant, Mr. Harrison, formed the firm of Harrison
& Ellis, February 1, 1885. By the partnership arti-
cles, of the date last mentioned, it may be conceded
that the new firm assumed the "mercantile debts" of
the then "jobbing business" of Mr. Ellis, Jr., and that
thereby Mr. Harrison became liable (as a partner in
Harrison & Ellis) for debts so assumed.

If the plaintiff's demand, stated in the three counts
mentioned, was a "mercantile debt," within the true
intent and meaning of the contract containing that
expression, then the plaintiff could maintain an action
thereon.

In Missouri a person, for whose benefit an express
promise is made, in a valid contract between others,
may maintain an action upon it in his own name.

*Meyer v. Lowell* ( 1869 ), 44 Mo. 328 ; *Rogers v. Gosnell* ( 1873 ), 51 Mo. 466 ; *Fitzgerald v. Barker* ( 1879 ), 70 Mo. 685 ; s. c. ( 1884 ), 85 Mo. 14.

This proposition is now too firmly settled as part of the law of this state to require re-examination. Whether it is logically deducible from common-law principles ( as has been sometimes doubted) it would serve no useful purpose now to consider. It has been accepted here, as in most of the American states, because it is supposed to furnish a useful rule in practice, tending to simplify litigation. By following it, one action often effects the same results that two would be required to accomplish without it.

Moreover, by our code of procedure, it is provided that every action shall be prosecuted in the name of the real party in interest, with certain exceptions, one of which is that the trustee of an express trust may sue in his own name. The statute then declares that such a trustee "shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." R. S. 1889, secs. 1990, 1991. Reading these sections together, it would seem to be clearly implied that the beneficiary in such a contract is to be regarded as a real party in interest, and that, as such, he may sue thereon in his own name ; while, on the other hand, the contracting party ( as trustee of an express trust, within the statutory definition ) may likewise maintain an action on the same contract. *Snyder v. Express Co.* ( 1883 ), 77 Mo. 523.

The right of the beneficiary of such a promise, though not a direct party to it, to sue upon it, has occasionally been approved by English judges, though it is not conceded by them generally, at least not to the same extent, in actions at law, that such right has been recognized in this country in recent years. With us it cannot fairly be considered longer an open question in view of the many precedents already made, from which there seems no sufficient reason now to depart.

II.   But at the time the partnership agreement was made between Mr. Harrison and Mr. Ellis, Jr., were the notes, owing by the latter to his father, the plaintiff, "mercantile debts" of the "jobbing business?"

The answer to this decisive question involves several considerations.   Whatever right of action a third party to such an engagement may acquire by virtue of its terms against either of the directly contracting parties, it is clear that, on principle, such right cannot be broader than the party to the contract (through whom the right of action is derived) would have in event of its breach.   To state this in another form, the right of action by any outside beneficiary, for whose advantage a contract is made between two other persons, is entirely subordinate to the terms of that contract, as made. Such beneficiary cannot acquire a better standing to enforce the agreement than that occupied by the contracting parties themselves.   *Crowe v. Lewin* (1884), 95 N. Y. 423; *Wheat v. Rice* (1884), 97 N. Y. 296.   The plaintiff's rights in the case before us flow from the agreement between Mr. Harrison and Mr. Ellis, Jr., and are confined within the scope of that agreement, interpreted according to the rules of law.   If the parties, when it was made, understood and intended the expression "mercantile debts" (as used therein) to exclude the notes in question, the plaintiff cannot enlarge its meaning for them.   They were the contracting parties. It is their contract to be enforced, and plaintiff has no such relation to the subject as permits him to assert the contract different from what they mutually agreed it should be.

This brings us naturally to consider some of the exceptions to rulings upon the evidence bearing on this point.

The trial court, it appears, admitted testimony of the acts and declarations of Messrs. Harrison & Ellis, Jr., between themselves, and the original entries in their firm books, at and about the time of the beginning

of their partnership, to show what construction they then placed upon the phrase "mercantile debts."

The object of interpretation always is, or should be, to reach the actual intention of the parties. We mean, of course, that intention as expressed in the writing they employ to portray it, and consistent with the latter. When the subject-matter to which such a writing refers is not entirely definite and clear, it is permissible, and obviously just, to receive in evidence a description of the circumstances of its execution that the court may be placed, as near as may be, in the situation of the contracting parties with a view the better to adjudge in what sense the language used was probably intended by them. *Swett v. Shumway* (1869), 102 Mass. 365; *Keller v. Webb* (1878), 125 Mass. 88.

Furthermore, the construction placed by the parties themselves upon the words "mercantile debts," as shown by the opening entries in the books of the firm of Harrison & Ellis, was properly admissible in evidence. In case of doubt as to the significance of such a term, the contemporaneous practice of the parties to the agreement regarding it (before any controversy arises) sheds light upon their probable meaning in its use. Here, all the circumstances of the agreement and the construction by the parties at the time point to the conclusion that the plaintiff's claims (which the three counts of his petition recite) were not intended to be comprehended by the words "mercantile debts" of the "present jobbing business" of Thos. Ellis, Jr.

At all events, a conclusion to the contrary could not fairly be pronounced as one of law. It was, at least, a question of fact on the evidence as to the mutual intention of the parties in that regard. Plaintiff opened up his case with testimony to show that the notes mentioned were "mercantile debts." By the declarations of law which the learned trial judge gave, at plaintiff's instance, the question, whether or not they were such, was directly submitted for a finding of

fact, which the court thereafter made. Having assumed that position at the trial, the plaintiff cannot properly now be heard to say that the trial court should have pronounced the plaintiff's demands "mercantile debts," as a matter of law.

We find no error to the prejudice of plaintiff in the proceedings upon the three counts mentioned.

III. There remains for consideration the appeal by defendant Harrison. The judgment against the latter is for $411.66, on the fourth count, and there may hence be some question of the jurisdiction of this court to determine that appeal. But under the constitutional provisions governing this subject we are of opinion that where, as here, the plaintiff has appealed from a judgment, obviously involving (as to him) some $8,000, this court has jurisdiction to adjudicate, incidentally, a pending appeal to this court, in which a part of the same judgment, favorable to plaintiff, is sought to be reversed by a defendant. Plaintiff seeks to have the judgment set aside as to three of the causes of action, and the finding as to the fourth maintained.

The entire judgment is thus brought here for review. In such a state of the case we think the constitution does not contemplate successive hearings in the cause, first of one appeal in this court, and then of the other by one of the courts of appeals. Compare *United States v. Mosby* (1889), 133 U. S. 273. So we proceed to consider the merits of the appeal by the defendant.

IV. This action was begun by attachment May 4, 1885. The draft which forms the basis of the fourth count of plaintiff's petition bears date April 14, 1885, payable sixty days thereafter. It did not, therefore, mature until some time after the beginning of this proceeding. Defendant Harrison contends that the judgment on the fourth count cannot be sustained in view of these facts.

The bill described was negotiable. Upon plaintiff's acceptance he became, on the face of it, the principal

debtor, and, as such, liable to the holder for value to whom the firm of Harrison & Ellis had sold it for the purpose of realizing proceeds. The liability of plaintiff upon the paper was fixed; but, as his acceptance was for the accommodation of Harrison & Ellis, the latter were bound to make good to the plaintiff any payment he might make upon it. When this action was begun, therefore, plaintiff was liable by its terms to a third party, the holder at that time. Until plaintiff took it up and thereby sustained some loss by reason of his acceptance, he had no demand against Harrison & Ellis on account of the same. Had they met the paper at maturity (as they were bound to do as between plaintiff and themselves) no liability to plaintiff on their part would have arisen in the premises; for, until plaintiff paid something on account thereof, such an acceptance amounted merely to a loan of plaintiff's credit to Harrison & Ellis, and could not be regarded as a loan of money. Under the laws of this state, an attachment will lie in many instances to enforce an existing demand, though not yet due (R. S. 1889, sec. 522); but our statute on this subject has never been held to sanction such a proceeding upon such facts as are disclosed in this case. *Hearne v. Keath* (1876), 63 Mo. 84; *Read v. Ware* (1847), 2 La. Ann. 498.

Defendant objected at every stage to the proceedings on the fourth count, substantially on the ground above noted. We think the court should have sustained the objection. No other assignments of error appear to require remark.

The judgment is reversed and also the finding for plaintiff, as against defendant Harrison on the fourth count of the petition. The findings on the first three counts are affirmed, and the cause is remanded to the circuit court for such further proceedings as may be in harmony with this opinion. SHERWOOD, C. J., BLACK and BRACE, JJ., concur.