HOWSMON, *Appellant*, v. TRENTON WATER COMPANY.

Division One, December 23, 1893.

1. **Contract**: EXPRESS PROMISE: SUIT BY THIRD PERSON. One for whose benefit an express promise is made in a valid contract between others, may maintain an action upon it in his own name, but it must be made for his benefit as its object and he must be the person intended to be benefited.

2. ———: WATER COMPANY: SUIT BY THIRD PERSON. A water company which agrees with a town to be liable for damages caused by its failure to supply water sufficient to extinguish all fires can not be sued on such agreement by a citizen though he and others pay a special tax to the company under the contract.

3. **City Charter**: CONTRACT FOR WATER. A town which, under its charter, has the power to pass ordinances "to prevent and extinguish fires," has, as incident thereto, power to contract for a supply of water for that purpose.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Harber & Knight* and *A. W. Mullins* for appellant.

(1) The facts alleged in the petition and admitted by the demurrer show that the contract was made for the benefit of plaintiff and other tax paying citizens of the town as individuals as well as for the town as a municipality, while the compensation—the consideration for the supposed benefits to accrue to the town and its citizens for the water supply and for the extinguishment of fires—was to come from the taxpayers alone. And so, the contract having been made in part for plaintiff's benefit and on his behalf, he has a right of action, and this is well and sufficiently set forth in his petition. *Roger v. Gosnell*, 58 Mo. 589; *Myer v.*

*Lowell,* 44 Mo. 328; *Fitzgerald v. Barker,* 70 Mo. 685; *Bank v. Benoist,* 10 Mo. 519; *Roger v. Gosnell,* 51 Mo. 466; *State ex rel. v. Gas Light Co.,* 102 Mo. 472. (2) One of the ordinances, pleaded, provided that "should said water company, from lack of water supply or any other cause, except providential or unavoidable accident, fail to furnish a reasonable or adequate supply of water to extinguish any fire, then it shall be liable for all damages occasioned by such fire or neglect." Defendant having failed to fulfill this important provision in the contract, as shown by the allegations of the petition, it became and is liable to the plaintiff for the damages he sustained by reason of defendant's failure and neglect. Authorities *supra,* and also, *Lumber Co. v. Water Supply Co.,* 12 S. W. Rep. 554; *Duncan v. Water Co.,* 12 S. W. Rep. 557; *Markel v. Telegraph Co.,* 19 Mo. App. 80; *Lampert v. Gas Light Co.,* 14 Mo. App. 376.

*R. L. Yeager* for respondent.

(1) The appellant was not a party to the contract sued on, and sustained no relation of privity to either of the contracting parties. Therefore he can not maintain an action upon the contract, and the judgment of the trial court should be affirmed. *Vrooman v. Turner,* 69 N. Y. 280; *Woodland v. Newhall,* 31 Fed. Rep. 434; *Kansas City ex rel. v. O'Connell,* 99 Mo. 357. (2) The payment of a tax levied by the town of Trenton for the purpose of paying its hydrant rental to the water company, does not create a privity of contract, so as to authorize the appellant to sue. *Becker v. Keokuk Waterworks,* 79 Iowa, 419. (3) The precise point raised by the demurrer in this case has been decided in a number of well considered

cases; and in every instance the appellant's right of recovery, upon similar contracts to the one pleaded, has been denied. *Ins. Co. v. Trenton Water Co.*, 42 Mo. App. 118; *Davis v. Water Company*, 54 Iowa, 59; *Becker v. Waterworks*, 79 Iowa, 419; *Nickerson v. Hydraulic Co.*, 46 Conn. 24; *Ferris v. Water Co.*, 16 Nev. 44; *Atkinson v. Newcastle Co.*, 2 L. R. Exch. Div. 441; *Fowler v. Water Co.*, 9 S. E. Rep. 673. (4) The town of Trenton, under its charter rights, had no power or authority to make a contract of indemnity for the benefit of the individual taxpayer.

BRACE, J.—This is an appeal from the judgment of the circuit court of Grundy county, sustaining a demurrer to the plaintiff's petition, the material allegations of which are in substance as follows: That the plaintiff is a resident citizen and taxpayer of the town of Trenton in said county and the owner of a large amount of valuable property within the corporate limits of said town, subject to taxation for ordinary purposes, and to a special tax of five mills on the dollar annually for the purpose of discharging the obligations of said town to the defendant on the contract sued on herein, all of which he has regularly and promptly paid.

That by a contract entered into, by ordinances, between the town of Trenton and the defendant, the said defendant (in consideration of the franchise granted it, and the privilege of collecting certain water rates from its citizens, and of the sum of $2,000, to be paid annually by the town, to be raised by an annual tax of five mills as aforesaid, all of which the defendant has received and enjoyed) promised and agreed with said town to furnish at all times an adequate supply of good, clear, and wholesome water, for fire and other purposes for public and private use, under such a pressure

as to have the power to throw at all times six streams of water through fifty feet of two and one-half inch rubber hose and one inch ring nozzle eighty feet high in the business portion of the town, and to throw at least two effective streams at any one time, in any other part of the town accessible from the mains; and further agreed, that "should said water company from lack of water supply, or any other cause except providential or unavoidable accident, fail to furnish a reasonable or adequate supply of water to extinguish any fire, then it shall be liable for all damages occasioned by such fire or neglect."

That on the twenty-fourth of March, 1889, plaintiff's dwelling house in said town, with the household and kitchen furniture and wearing apparel therein contained, all of the value of $3,700, was destroyed by fire, that said house was close to the main of defendant, and situated at a place where, in the event a fire should there occur, it was the duty of defendant under said contract to furnish an adequate supply of water with force and power sufficient to extinguish such fire; which the defendant, without any providential or unavoidable accident, failed to do, and by reason of such failure plaintiff's property was destroyed, to his damage in the sum of $3,700.

I.   It is well established law in this state, by a line of decisions extending from the year 1847 to the present date, "that a person for whose benefit an express promise is made in a valid contract between others may maintain an action upon it in his own name." *Ellis v. Harrison*, 104 Mo. 270; *State ex rel. v. Gas Light Co.*, 102 Mo. 472; *Fitzgerald v. Barker*, 70 Mo. 685; *Rogers v. Gosnell*, 58 Mo. 589; *Rogers v. Gosnell*, 51 Mo. 466; *Meyer v. Lowell*, 44 Mo. 328; *Robbins v. Ayres*, 10 Mo. 539; *Bank v. Benoist*, 10 Mo. 521.   And such is now the prevailing doctrine in America, by the great weight

of authority. 3 Am. & Eng. Encyclopedia of Law, p. 863, note 5. This doctrine, originally an exception to the rule that no claim can be sued upon contractually unless it is a contract between the parties to the suit, has become so general and far reaching in its consequences, as to have ceased to be simply an exception, but is recognized, within certain limitations, as an affirmative rule.

The foregoing cases from this court, are in harmony with the rule as laid down in *Lawrence v. Fox*, 20 N. Y. 268, "that an action lies on a promise made by the defendant, upon valid consideration to a third party, * * * although the plaintiff was not privy to the consideration and that such promise is to be deemed made to the plaintiff if adopted by him, though he was not a party to, or cognizant of, it when made." *Meyer v. Lowell, supra.* "It is not every promise [however] made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit, as its object, and he must be the party intended to be benefited." *Simson v. Brown*, 68 N. Y. 355; *Vrooman v. Turner*, 69 N. Y. 280; *Wright v. Terry*, 23 Flor. 160; *Austin v. Seligman*, 18 Fed. Rep. 519; *Burton v. Larkin*, 36 Kan. 246, and cases cited. In other words, the rule is not so far extended as to give to a third person, who is only indirectly and incidentally benefited by the contract, a right to sue upon it." But "the name of the person to be benefited by the contract need not be given, if he is otherwise sufficiently described or designated. Indeed, he may be one of a class of persons, if the class is sufficiently described or designated." *Burton v. Larkin, supra*; *Johannes v. Ins. Co.*, 66 Wis. 50.

In the opinion delivered by ALLEN, J., in *Vrooman v. Turner* (1877), *supra,* it was said: "Judges have differed as to the principle upon which *Lawrence v. Fox* and kindred cases rest, but in every case in which an action has been sustained there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise. Whether the decisions rest upon the doctrine of agency, the promisee being regarded as the agent of the third party, who, by bringing his action adopts his acts, or upon the doctrine of a trust, the promisor being regarded as having received money or other thing for the third party, is not material. In either case there must be a legal right, founded upon some obligation of the promisee, in the third party, to adopt and claim the promise as made for his benefit."

An examination of very many cases decided before and since it was so held in that case, satisfies us that the rule has been confined to such cases in this state as well as elsewhere, and upon that principle, when this case was before the Kansas City court of appeals in an action by another party (*Ins. Co. v. Trenton Water Co.*, 42 Mo. App. 118), it was, in effect, held that the plaintiff had no cause of action against the water company because the town of Trenton was under no obligation to the plaintiff to furnish an adequate supply of water and power, to extinguish the fire by which the premises were consumed. And in support of its position the following additional cases were cited: *Davis v. Water Works Co.* 54 Iowa 59; *Nickerson v. Hydraulic Co.*, 46 Conn. 24; *Ferris v. Water Co.* 16 Nev. 44; *Fowler v. Water Works Co.*, 83 Ga. 219; and *Atkinson v. Waterworks, Co.* 2 L. R. Exch. Div. 441.

The last of these cases is not in point since the action in that case was for the breach of a public statutory duty and the court held that the action would not

lie, because the statute gave no right of action to the plaintiff. The cause of the action in each of the other cases was for a breach of duty which it was alleged the defendants owed the plaintiff under a contract with the city, to which the plaintiff was not a party, whereby they agreed to furnish an adequate supply of water and power to extinguish fires in the town or city. To which it was replied in the Connecticut case (decided in 1878): "Whatever benefit the plaintiffs could have derived from the water would have come from the city through its fire department. The most that can be said is, that the defendants were under obligation to the city to supply the hydrants with water. The city owed a public duty to the plaintiffs to extinguish their fire. The hydrants were not supplied with water, and so the city was unable to perform its duty. We think it clear that there was no contract relation between the defendants and the plaintiffs, and consequently no duty which can be the basis of a legal claim."

In the Iowa case, decided in 1880, it was replied: "The city, in exercise of its lawful authority, to protect the property of the people, may cause water to be supplied for extinguishing fires and for other objects demanded by the wants of the people. In the exercise of this authority it contracts with defendant to supply the water demanded for these purposes * * * It cannot be claimed that the agents or officers of the city employed by the municipal government to supply water, improve the streets, or maintain good order, are liable to a citizen for loss or damage sustained by·reason of the failure to perform their duties and obligations in this respect. They are employed by the city and responsible alone to the city. The people must trust to the municipal government to enforce |the discharge of duties and obligations by the officers, and agents of that government." In the Nevada case deci-

ded in 1881, after citing 69 N. Y. *supra*, with approval and quoting the reform, it was replied: "The board of trustees of the town, in the exercise of a discretionary power conferred upon them by the legislature, contracted for a supply of water for the extinguishment of fires. The plaintiff, in common with the other residents of the town, enjoyed the advantages of this contract. He had an indirect interest in the performance of the contract by the water company, as had all of the property holders of the town, but such an interest is not sufficient to constitute the privity, either directly or by substitution, which must exist in order to give him a right of action upon the contract."

In the Georgia case, decided in 1889, in an opinion by BLECKLEY, C. J., it was replied: "The present case is not based upon the breach of a statutory duty, but solely upon failure to comply with a contract made with the municipal government of Athens. To that contract the plaintiff was no party, and the action must fail for the want of the requisite privity between the parties before the court.   *   *   *   There being no ground for recovery, treating the action as one *ex contractu*, is it better founded treating it as one *ex delicto*?   We think not. The violation of a contract entered into with the public, the breach being made by mere omission or non-feasance is no tort direct or indirect, to the private property of an individual, though he be a member of the community and a taxpayer to the government. Unless made so by the statute, a city is not liable for failing to protect the inhabitants against the destruction of property by fire. *Wright v. Augusta*, 78 Ga. 241; 7 Am. and Eng. Encyclopedia of Law, p. 997, *et seq.*"

The case in hand is on the contract, made by the water company with the town of Trenton, and the only feature that it presents that can take it out of the principle laid down in these cases is that provision was

made in this contract for a special tax to be raised to provide part of the consideration the water company was to, and did, receive, to which the plaintiff contributed, and an express promise contained in the contract that "should said water company from lack of water or any other cause, except providential or unavoidable accident fail to furnish a reasonable or adequate supply of water to extinguish any fire, then it shall be liable for all damages occasioned by such fire or neglect;" this argument being that here is an express promise of idemnity in a contract in which the plaintiff is privy to the consideration at least.

The argument was met by the supreme court of Iowa in *Becker v. Waterworks*, 79 Iowa, 419, decided in 1890, probably not published when this question was before the Kansas City court of appeals in the following manner:     *First.* "The chief question raised by the demurrer was considered in *Davis v. Waterworks Co.*, 54 Iowa 59, and decided adversely to the claim now made by plaintiff.     But he contends that this case differs from that in several material particulars.     In this case a special fund was raised by the city to pay for a sufficient supply of water for use in case of fires, and to that fund plaintiff contributed.     It is said that in making the contract and in levying and collecting the taxes required by its provisions, the city acted as a mere agent.     We do not think the fact that the city levies and collects a tax to be paid to defendant creates any privity of interest between defendant and the taxpayers.     In making the contract, the city discharged one of the duties for which it was created; and in raising the required money it only provided the consideration due from it by virtue of the contract.     It will hardly be claimed that defendant could proceed against a taxpayer, in the first instance, for any unpaid money due under the contract from the city     *     *     *"

*Second.* "It was decided in *Van Horn v. City of Des Moines*, 63 Iowa, 448, that the city was not liable for the failure of the waterworks company to furnish the water required by its contract to extinguish fires, even though the city had taken a contract from the company to protect it from liability which might arise for malfeasance or neglect on the part of the company. * * * Much stress is placed by appellant upon that part of section 18 which provides 'that said company shall be liable for all injury to persons or property caused by the negligence, mismanagement or fault of itself or its employees while engaged in the construction or operation of said works.' Municipal corporations have and can exercise only such powers as are expressly granted to them by law, and such incidental ones as are necessary to make those powers available, and are essential to effectuate the purposes of the corporation; and those powers are strictly construed. *Clark v. City of Des Moines*, 19 Iowa, 212; *McPherson v. Foster*, 43 Iowa 57. The law which authorizes cities to contract with individuals and companies for the building and operating of waterworks confers no power upon a city, to make a contract of indemnity for the individual benefit of a taxpayer, for a breach of which he could maintain an action in his own name."

The town of Trenton, under its charter, had power to pass ordinances "to prevent and extinguish fires" (Laws, 1856, p. 353), and as incident thereto power to contract for a supply of water for that purpose. But it would seem under the authorities cited, the plaintiff can not maintain this action for cogent reasons, which have and may be put in several ways:

*First.* Although it was within the power of the town by contract to supply water for the purpose of extinguishing fires, it did not owe the duty of extinguishing fires to plaintiff. *Heller v. Sedalia*, 53 Mo. 159.

Consequently the case is not brought within the line of adjudicated cases which maintain an exception to the rule that suit upon a contract must be brought by a party to the contract in cases where the promisee owed a duty to the third party, which the promisor undertook to perform.

*Second.* A municipal corporation in making contracts for the benefit of its citizens acts for them collectively, and for all of them in every act, and the relation of privity is not, and can not be introduced into such contracts, by reason of taxpaying, or the discharge of any civil duty by any individual citizen.

*Third.* The benefits to be conferred upon the individual citizen by the contract is incidental to the contract, the primary object of which is the benefit of all the citizens in their corporate capacity.

*Fourth.* It does not clearly appear that the benefit was intended for the citizens in their individual capacity, but may have been intended for the protection of the municipality, and in the absence of express power in the municipality to make contracts for the indemnity of its individual citizens, should be so construed. *City ex rel. v. O'Connell*, 99 Mo. 357.

*Fifth.* The relation that the contractor sustained to the town was that of its agent or servant to carry out the obligations of the contract upon its part for the benefit of all the citizens of the municipality. And for the enforcement of the terms thereof the citizens must look to the authorities of the city, and can not individually maintain an action for a breach of the contract.

*Sixth.* The town had no authority to make a contract to indemnify the plaintiff for the loss of his property by fire resulting from the neglect of its agents or servants to furnish an adequate supply of water to put it out, and therefore could not make such a contract that would be binding on another.

The appellant is, however, not without authority to sustain his position. In a recent case in Kentucky decided in 1889, the supreme court of that state held that "where a water company has contracted with a city to furnish at all times a supply of water sufficient for the protection of the inhabitants and property of the city against fire, the company must answer in damages for loss by fire resulting from its failure or refusal to perform its contract." *Lumber Co. v. Water Supply Co.*, 89 Ky. 340. Authority for this proposition is not therein cited, and the reasoning upon which the position is rested does not seem to us entirely satisfactory.

The plaintiff's contention also receives some support from the reasoning of Judge THOMPSON in *Lampert v. Gas Light Co.*, 14 Mo. App. 376, according to whose views, it would seem that the contract declared upon here should raise, on the part of the defendant, a public duty to be performed for the benefit of the inhabitants of the town distributively, and for the negligent nonperformance of that duty an action would lie by the town "suing upon the contract, or by any individual specially damaged thereby, proceeding as for the nonperformance of a public duty and setting up the contract by way of inducement."

As before stated, the suit here is upon the contract, and not against the water company for the negligent nonperformance of a public duty, and these views have simply persuasive force. At all events the position of the Kansas City court of appeals, and the ruling of the court below in this case is sustained by the weight of authority, and the judgment herein will be affirmed. All concur, except BARCLAY, J., absent.