[No. 3745. Decided December 23, 1901.]

UNITED STATES OF AMERICA *for Use of Addison T. Dishman, Appellant,* v. NATHAN B. RUNDLE, *Defendant;* DANIEL W. HENLEY *et al., Respondents.*

CONTRACTOR'S BOND ON PUBLIC WORKS — ACTION IN STATE COURT IN NAME OF UNITED STATES — PARTY IN INTEREST — TRUSTEE OF EXPRESS TRUST.

In an action on a bond given to the United States by a contractor upon a public building for the protection of laborers and material men, under the provisions of the act of congress of August 13, 1894, which provides that persons having a right of action for unpaid labor and materials may bring suit on such bond in the name of the United States for their use and benefit, the United States is a proper party plaintiff in the courts of the state, under Bal. Code, § 4825, which provides that "a trustee of an express trust may sue without joining the person for whose benefit the suit is prosecuted," the statute further declaring that such trustee "shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

SAME — JURISDICTION.

The state courts have jurisdiction of an action on a bond given to the United States under the act of congress of August 13, 1894, entitled "an act for the protection of persons furnishing materials and labor for the construction of public works," which cannot be denied them merely by the possibility of several persons being entitled to the protection of the bond whose aggregate claims exceed the penalty therein, necessitating a ratable distribution, and which claims might possibly be sought to be enforced in different jurisdictions.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*R. L. Edmiston (William T. Birdsall,* of counsel), for appellant.

*Henley, Kellam & Lindsley* and *A. G. Avery,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—In the complaint it is alleged that the defendant Nathan B. Rundle, on the 1st day of July, 1897, entered into a written contract with the United States of America, by the terms of which he undertook, in consideration of certain specified payments to be made to him, to furnish all of the necessary materials and construct for the United States certain buildings; that at the same time and place, and as a condition precedent to the contract becoming binding, and in pursuance of the provisions of the act of congress of August 13, 1894, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," the defendant Rundle as principal and the respondents Henley and Snodgrass as sureties, entered into a bond with the United States by the terms and conditions of which they bound themselves, among other things, that Rundle should "make full payments to all persons supplying him labor or ma-

terials in the prosecution of the work provided for in said contract"; further providing that, if such condition should be complied with, the obligation should be void; otherwise to remain in full force and effect. It is then alleged that Rundle thereupon commenced the performance of the contract, and in pursuance thereof Dishman supplied him with certain labor and material for the prosecution of the work, at his special instance and request, of the just and reasonable value of $1,037.94, on which a payment had been made sufficient to reduce the amount to $542.94, demand for which had been made of Rundle. For a second cause of action the appellant complained upon a claim for materials furnished Rundle for the prosecution of the work by the Northwest Granilite Company amounting to the sum of $523, which had been assigned to Dishman prior to the commencement of the action. The respondents Henley and Snodgrass demurred to the complaint, which demurrer the trial court sustained, whereupon the appellant elected to stand upon the complaint, and refused to plead further. Judgment was thereupon entered in favor of the demurrants, from which judgment this appeal is taken.

Two questions are argued in the briefs, viz: (1) Has the plaintiff legal capacity to sue? and (2) has the state court jurisdiction of the subject-matter of the action?

1. The act of congress (28 St. at Large, 278) referred to in the complaint provides that thereafter

" . . . any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that

such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the department under the direction of which said work is being, or has been, prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties and to prosecute the same to final judgment and execution: Provided, That such action and its prosecution shall involve the United States in no expense."

By the statutes of this state (Bal. Code, §§ 4824, 4825) it is provided that

"Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law;"

and that

"An executor or administrator, or guardian of a minor or person of unsound mind, a trustee of an express trust, or a person authorized by statute, may sue without joining the person for whose benefit the suit is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

It is contended by the respondents that congress has no power to prescribe rules regulating the course of justice or the mode of administering justice in state courts, and consequently the clause in the federal statute quoted, giving the right to a person furnishing materials to a contractor engaged in the construction of a public building

to maintain a suit against the contractor and the sureties upon his bond in the name of the United States for his use and benefit to recover therefor has no application when the suit is brought in a state court; that the state statute controls; and, inasmuch as the statute of this state requires all actions to be prosecuted in the name of the real party in interest, the demurrer to the complaint was properly sustained, because Dishman was the real party in interest, and could have sued in his own name.

Conceding all that is claimed by the respondents as to the effect of the federal statute, and their further contention that Dishman could have sued upon the bond in his own name, it does not follow that the present action cannot be maintained. The section of the statute of this state last above quoted clearly confers upon a person in whose name a contract is made for the benefit of another the right to sue upon such contract, and is as efficient to confer such right upon him as is the section of the statute relied upon by the respondents to confer the right upon the beneficiary. The statute, we think, vests the right to sue in both the principal and the beneficiary, and that either may exercise the right. Such, also, seems to be the general rule. Mr. Pomeroy, in his work on Code Remedies (§ 176), says:

"Various kinds of bonds and undertakings generally required by statute, and given to some designated obligee, although showing on the face that they are designed to protect, secure, or indemnify other persons, are also contracts made 'with, or in the name of, one person for the benefit of another;' and although the party immediately interested may in general sue in his own name, yet the obligee or person to whom the promise is made may always, unless forbidden by statute, ma⸱ ⸱⸱ain ⸱he action,

and in some states is the only one who is permitted to do so."

In Pennsylvania it is declared to be "a rudimentary principle that a party may sue on a promise made on a sufficient consideration, for his use and benefit, though it be made to another and not himself" (*Merriman v. Moore,* 90 Pa. St. 78); yet in that state it was held that a municipality could sue in its own name for the use of a beneficiary on a contractor's bond executed to the city to secure laborers, sub-contractors and material men. *Philadelphia v. Stewart,* 195 Pa. St. 309 (45 Atl. 1056); *Philadelphia v. Stewart,* 48 Atl. 275. So, in Missouri, it is established by a long line of decisions "that a person for whose benefit an express promise is made in a valid contract between others may maintain an action thereon in his own name," and there an action brought in the name of the principal for the use of the beneficiary was sustained. *Howsmon v. Trenton Water Co.,* 119 Mo. 304 (24 S. W. 784, 23 L. R. A. 146, 41 Am. St. Rep. 654); *St. Louis v. Von Phul,* 133 Mo. 561 (34 S. W. 843, 54 Am. St. Rep. 695).

In practice the rule can work no hardship, as a recovery by one party is a bar to an action by the other. *Rogers v. Gosnell,* 51 Mo. 466. Nor is it fatal to the complaint that the title recites for whose use the suit is brought. If such recitation could be deemed improper in any case, it would be disregarded as mere surplusage.

2. We think there can be no question that the state courts have jurisdiction to enforce the obligation incurred by the bond. It may be true, as counsel suggest, that several persons may be entitled to the protection of the bond whose aggregate claims exceed the penalty therein, and that it would be necessary to make a ratable distribution;

but these are questions not presented in the case before us, and it is not necessary to determine them. It is sufficient to say that the possibility of such conditions existing is no reason for denying to the state courts jurisdiction to entertain a suit brought upon the bond.

The judgment is reversed, and the cause remanded, with instructions to reinstate the case, and give the respondents an opportunity to answer to the merits.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.