## REA v. FLATHERS, Admr.

1. **Practice; WAIVER BY PLEADING OVER.** The right to object to an erroneous ruling on a motion to dismiss, is waived by answering over and going to trial.

2. **Contract: FOR SERVICES: QUANTUM MERUIT.** While one who agrees to perform services for another without compensation therefor, cannot recover, he may, where no such agreement appears, and the services are performed at the request, or with the consent of the other, recover the value thereof under a *quantum meruit*.

*Appeal from Clinton Circuit Court.*

FRIDAY, JUNE 16.

THE plaintiff filed his petition in the office of the clerk of the circuit court, setting up a claim against the estate of James Rea, deceased, of which defendant was executor, and on whom an original notice was served. The proceeding was first placed on the court calendar of law causes, but afterward, by order of the judge, transferred to the probate calendar. The cause coming on for hearing, defendant moved to dismiss the action, " for the reason that the claim sued on was never filed with the clerk of said court, nor presented to the executor in due course of law, for allowance thereof." This motion was overruled, defendant answered, the cause was tried by the court, and an order entered, allowing $150 to the plaintiff as a claim of the third class against the estate, from which defendant appeals.

*Albert L. Levi* for the appellant.

*W. H. H. Hart* and *A. J. Leffingwell* for the appellee.

MILLER, J. — I. Two errors are assigned. The first is to the overruling of defendant's motion to dismiss. Whether there was error in this ruling we cannot now consider, as by filing an answer and going to trial the appellant waived his exception to the ruling of the court on his motion. *Draper* v. *Ellis*, 12 Iowa, 316.

1. PRACTICE: waiver by pleading over.

II. It is, in the next place, assigned as error that the court erred in overruling defendant's motion for a new trial, because the finding was not sustained by sufficient evidence, and is contrary to law. The basis of the plaintiff's claim is, that during the life-time of James Rea, who was for a long time an invalid, he (plaintiff) performed work and labor for, took care of, and advanced money to, the said James.

2. CONTRACT: for services: quantum meruit.

The court found against the plaintiff on all the charges of his account except the item of $150 for taking care of deceased for seventy-five days. The evidence fully shows that this service was performed by the plaintiff for deceased, and this is admitted by the defense, but it is insisted that the evidence shows there was no intention on the part of plaintiff to charge the deceased for this service, and that therefore no recovery can legally be had therefor. If a party agrees to perform services for another without compensation therefor he cannot recover pay. 2 Parsons on Contracts (5th ed.), 54. On the other hand, where one performs services for another at his request, or with his consent, without any agreement or understanding as to wages or remuneration, the law implies a promise to pay the reasonable value of the services, and the same may be recovered under a *quantum meruit*. 3 Blackstone's Commentaries, 161, 162; 2 Parsons on Contracts, 54, 55, and cases cited in notes.

In the case before us the evidence fails to establish an *express* agreement as to what compensation plaintiff was to receive, and in our opinion it also fails to establish an

agreement to perform the services without pay. In this state of the evidence the legal presumption must prevail. Such was the finding and judgment of the circuit court, which is

Affirmed.