Benedict v. Hunt.

BENEDICT v. HUNT.

1. **Practice: WAIVER OF RULING.** The right to object to the overruling of a motion for further time to answer in a chancery cause, is waived by the subsequent filing of an answer.

2. **Mortgage: ASSUMPTION OF BY PURCHASER: DEFENSE.** In an action by the mortgagee against a purchaser of mortgaged premises, who received a conveyance thereof subject to the mortgage, and assumed the payment of the same, to recover the amount of the mortgage, it is a good defense that the grantor of defendant had no title to the property; that his representations respecting the same were false and fraudulent; and that defendant was induced thereby to assume the payment of the mortgage.

3. Demurrer: TO SINGLE ALLEGATIONS. Single allegations of a pleading in an equitable proceeding, though deficient in themselves, are not subject to demurrer if, when taken with the other allegations, with which they are intended to be construed, they constitute a sufficient cause of action or defense.

4. Jury: IN EQUITABLE PROCEEDINGS. In an equitable proceeding, triable by the second method of trial for equitable causes, either party is entitled to a jury to try the facts put in issue by the pleadings.

*Appeal from Jones Circuit Court.*

WEDNESDAY, JUNE 21.

ON the 17th day of October, 1870, the plaintiff filed his petition in the circuit court of Jones county, averring that, "on the 25th day of June, 1868, one C. H. Pierce executed and delivered to plaintiff his certain promissory note for $250, of said date, payable to plaintiff October 1, 1869, with ten per cent interest; also, that said Pierce, at the same time, executed a mortgage on real estate in Monticello, Iowa, to secure said note. That on the 18th day of June, 1870, the defendant purchased said real estate of said Pierce, subject to said mortgage, and that the defendant, in his deed from Pierce, agreed to pay off said mortgage." The petition prays judgment against the defendant for the amount due on the note, and a decree of foreclosure against the real property mortgaged.

The original notice was served on the same day the petition was filed, and required the defendant to appear on or before the 8th day of November, 1870, that being the second day of the term. On the return day of the notice, the defendant appeared and filed his motion for an extension of time for sixty days, from date of service, to answer (twenty-one days having then elapsed), which motion was overruled, and defendant excepted.

The defendant thereupon filed an answer containing, in the first paragraph, a general denial of each allegation of

the petition, except such as are expressly admitted in the subsequent part of the answer.

The second and third paragraphs allege that, in June, 1870, the defendant purchased said mortgaged property for $1,000; that Pierce conveyed the same to the defendant by warranty deed, and represented his title to be good; that defendant, relying on said warranty and representation, then paid to said Pierce $750 of the purchase-money, and agreed to pay the said mortgage debt of $250.

The fourth, fifth and sixth paragraphs of the answer allege, that Pierce had no title to the land; that his representations were false; that defendant's promise to pay off said mortgage was obtained by fraud; that the consideration therefor has wholly failed, and that the note sued on is usurious.

Plaintiff demurred to the fourth, fifth and sixth paragraphs of the answer; the demurrer was sustained by the court, and defendant excepted. The cause being reached for trial the defendant, not amending his answer, demanded a jury trial, which was refused, and the court proceeded to try the cause without a jury, against defendant's objection, and rendered judgment for plaintiff for the amount of the note, interest and costs, and a decree of foreclosure. To all of which defendant excepted, and appeals.

*Sheean & McCarn* and *Monroe & Moulton* for the appellant.

*M. W. Herrick* for the appellee.

MILLER, J. — I. The appellant assigns as error the overruling of his motion for further time to answer. Whether

1. PRACTICE: waiver of ruling. there was error in this ruling we need not determine, as by answering the petition the error, if any, was waived. See *Rea* v. *Flathers*, 31 Iowa, 545, and cases cited.

II. The sustaining of the demurrer to the fourth, fifth 2. MORTGAGE: and sixth paragraphs of the answer of the assumption of by purchaser. defendant is assigned as the next error.

The first paragraph of the answer contained a general denial of the averments of the petition. The second, third, fourth, fifth and sixth paragraphs contained new matter, set up as a defense, and taken together we are of opinion did state a good defense to the cause of action stated in the petition. The action was not brought against the maker of the note and mortgage. The mortgagor was not made a defendant at all. The action was brought against defendant alone as grantee of the mortgagor, and a judgment is asked against him for the amount due on the note, as well as a foreclosure of the mortgage; and this demand for judgment is predicated on the alleged facts that the defendant purchased the mortgaged premises "subject to said mortgage, and that the defendant, in his deed from Pierce, agreed to pay off" the same. The paragraphs of the answer above referred to confess these averments in the petition, but allege that he paid said Pierce $750 of the purchase-money, upon the representation of Pierce that he had a good title to the premises; that said representation was false; that Pierce never had any title to the property; that defendant, relying on such representation, paid the said $750 and agreed to pay the amount of plaintiff's mortgage for $250, as the full consideration for said property; that said promise was thus obtained by the fraud of said Pierce and that the consideration wholly failed. Now, while this was no defense to the prayer for a foreclosure of the mortgage against the property, it was a defense against the claim for a personal judgment against Hunt, on his promise to pay the debt of Pierce secured by the mortgage.

If Pierce had paid the note and brought his action against Hunt on this promise, it is clear that the allegations of this answer would have constituted a good defense to

the recovery; and the plaintiff cannot claim to occupy any better position than would Pierce in such case. 2 Parsons on Contracts, ch. 3, § 12; 1 id. 467, 468, and notes.

The paragraphs of the answer demurred to, it is true, do not of themselves constitute a defense, but taken together,

3. DEMURRER: to single allegations. with the second and third paragraphs, of which they form a part, the affirmative answer was not demurrable. A party cannot select and demur to one or two or more allegations of a pleading containing what is intended as, and is in fact, the statement of a single cause of action or defense. *Hayden* v. *Anderson*, 17 Iowa, 158. In actions at law the cause of action or grounds of defense must be stated in but one count or division of the pleading, and must be of itself complete and sufficient. Rev., § 2875. But where an equitable cause of action or defense is stated, it (the statement of the cause) must be *separated* into paragraphs and numbered as such; and each paragraph is required to state as near as convenient a distinct *fact*, and these several facts, thus stated, constitute the cause of action or grounds of defense (Rev., § 2875); and if, taken together, these facts do constitute a cause of action or defense, it is not subject to a demurrer, and a demurrer that goes to only a portion of the statement should for this reason alone be overruled.

III. The refusal of the court to allow to the appellant a jury trial is assigned as error. The plaintiff's demurrer

4. JURY: in equitable proceedings. did not reach that portion of the answer containing a general denial of the allegations of the petition. This general denial put in issue all the material facts averred. Rev., §§ 2880, 2994. The issue of fact thus formed was triable by a jury unless a jury trial should be waived. Rev., §§ 2998, 3088. This is an action triable by the second method of equitable trials, and either party was entitled to have the whole issue or any part thereof tried by a jury under the instructions of the court, as in an ordinary action at law. Rev., § 2999.

It was error, therefore, to refuse the defendant a jury trial, and the judgment of the circuit court must be

Reversed.