————o————

JOHN BURNSIDE, Appellant, vs. BENJAMIN FETZNER, et al., Respondents.

1. *Principal and surety—Creditor may resort to instruments given for protection of surety.*—The doctrine is well settled that a surety may avail himself of securities executed in behalf of and for the benefit of the creditor, and that the latter may also resort in like manner to similar instruments given for the protection of the surety.

2. *Partnership—Purchase by member of firm—Assets and bond to secure co-partner—Creditor of firm—Remedy against surety on bond—Assignee of partnership; when party defendant.*—Two members of a firm gave their joint note for a partnership debt, and afterwards one partner bought out the other, giving him a bond to secure him against the firm liabilities. The estate of the partnership proved insolvent, and its assets, including the bond, went into the hands of an assignee. *Held,* 1st, the partner purchasing became the principal debtor on the note, and his co-partner assumed the relation of surety, and

the payee, for the satisfaction of his debt, might resort to the bond given for the protection of the co-partner; 2d, *semble*, that an action at law might lie thereon; and *held,* that at all events, the bond and its sureties might be reached in equity; 3d, privity was not necessary between the payee of the note and the sureties, to entitle the former to equitable relief; and, 4th, in such suit the assignee would be a necessary party defendant.

*Appeal from Buchanan Circuit Court.*

*W. H. Campbell, with B. F. Loan,* for Appellant.

I. Burnside is subrogated to all the rights of Bell in the premises. Bell, in a court of equity, after this debt had become due, could compel Fetzner and his sureties to exonerate him from his liability by paying the debt, and could do so even though he, Bell, had paid no part of it. (1 Sto. Eq. §§ 327, 499; Wooldridge vs. Norris, Law Report, 6 Eq. 410; Champion vs. Brown, 6 John. Ch. 398 [161], 406; Marsh vs. Pike, 10 Paige, 595.)

Where a collateral security, pledge or bond, is given for the better security or protection of a debt, a court of equity will make it effectual for that purpose, to the parties who are entitled to the debt as well as to the immediate parties to the bond. (Haven vs. Foley & Papin, 18 Mo. 136, and cases cited; New Bedford Institution for Savings vs. Fairhaven Bank, 9 Allen [Mass.], 175; Homer vs. Savings Bank of New Haven, 7 Conn. 478; New London Bank vs. Lee, 11 Conn. 112; King vs. Baldwin, 2 John. Ch. 554; Belcher vs. Hartford Bank, 15 Conn. 380.)

II. In equity, after the assumption of the joint or partnership debts by one of the debtors, the other becomes merely a surety for the payment of such debts. Therefore, a bond executed by one debtor to a co-debtor, to indemnify him against the payment of their joint or partnership debts, upon the dissolution of their partnership firm, will be treated in a court of equity as a collateral security for the better protection and payment of such debts; and as a trust for the benefit of their creditors. (Goodall vs. Wentworth, 20 Me. 322; Crafts vs. Mott, 4 N. Y. [4 Comst.] 604; New London Bank vs. Lee, 11 Conn. 112; Haven vs. Foley & Papin, 18 Mo. 136, and cases cited; Lewis vs. DeForest, 20 Conn. 427; Opinion of the court, pp. 442, 443; Haven vs. Foley & Papin, 19 Mo. 632; Jones vs. Quinnipiack Bank, 29 Conn.

25 ; 1 Sto. Eq. § 499, p. 503 [10 Ed.] ; Phillips vs. Thompson, 2 John. Ch. 418 ; Moses vs. Murgartroyd, 1 John. Ch. 119 ; 49.)

*J. D. Strong*, for Respondent Smith.

I. No judgment can be rendered against Smith as an individual. He is an entire stranger.

II. The plaintiff cannot thus establish a demand against Bell's estate, and the trust fund thereof in Smith's hands, as assignee. The statute provides how plaintiff is to prove his claim, (Wagn. Stat. 153, 154, §§ 20, 21), and there is nothing in the record to show that Smith, as such assignee, rejected, or had an opportunity to reject, the claim. If he had done so, still the plaintiff's remedy would be by appeal. (Wagn. Stat. 154, § 24.)

III. Plaintiff cannot maintain this action against any of the defendants. This is not a promise by Demond and Krug to pay plaintiff for the benefit of Fetzner or Bell. It is their guaranty that Fetzner shall pay a debt which he already owes, both severally and jointly with Bell. Bell's debt or liability to Burnsides was not extinguished nor affected in any manner whatsoever. Nor was the condition of Burnsides, respecting either Bell or Fetzner, changed in degree or kind. He parted with nothing, and Demond and Krug received nothing, There is, therefore, no privity between plaintiff and Demond or Krug, and certainly none between him and Smith, as to their liability on said bond. (Manny vs. Frasier's Adm'r, 27 Mo., 419, and cases cited.) This case does not fall within the rule of Bank of Mo. vs. Benoist (10 Mo. 519), and Roberts vs. Ayers (10 Mo. 538), unless the court should hold that Burnsides could maintain action in Bell's name, or in the name of Smith, assignee of Bell, to his own use—in order to do which the court would first have to find that there was privity such as is expressly excluded by the statements of the petition. If Bell gave Demond and Krug nothing to sign the bond, and has paid Burnsides nothing on the debt, how can he recover for his own use, or for any one else, on the bond, as against them ?

IV. If the points above stated be well taken, then there is misjoinder of parties defendant. The judgment should be affirmed in so far as it affects defendant Smith.

*Allen H. Vories*, for Krug & Demond.

As between Krug and Demond and plaintiff there was no privity. The bond which they executed to Bell, in behalf of Fetzner, could only be declared upon in a court of law, upon breaches assigned upon the part of Bell. There could be no subrogation of Bell's right by plaintiff, and no privities between the parties defendants.

SHERWOOD, Judge, delivered the opinion of the court.

Fetzner and Bell were partners in business, and became indebted to plaintiff in the sum of $1,687.50, evidenced by their note for that sum, and this note was secured by deed of trust on the land of Fetzner. Afterwards the latter purchased Bell's interest in the firm, giving a bond to Bell, with the defendants, Krug and Demond as his sureties, conditioned to pay off and discharge all the debts and liabilities of the firm, and to save Bell harmless respecting the same. This bond was executed and delivered, upon a valuable consideration, the assumption of the indebtedness of the firm being a part of the consideration by means of which the purchase of Bell's interest was effected.

The property and assets of the firm of which Fetzner thus became possessed, were amply sufficient to discharge all the debts of the firm. Shortly subsequent to the transaction referred to, Bell became insolvent, and also Fetzner, and each of them made an assignment to the defendant Smith for the benefit of their creditors, and Smith is the holder of the bond mentioned.

The land mortgaged by Fetzner to secure the payment of the note of plaintiff proved unavailable, in consequence of prior incumbrances. The claims of the other creditors of the firm were satisfied in full out of the assets turned over to the assignee, and the claim of the plaintiff is the only firm debt remaining unsatisfied, to satisfy which there is nothing remaining, either of the

partnership assets nor of the individual assets of Bell or Fetzner. Under these circumstances the plaintiff sought, by equitable procedure, to compel the payment of the debt from the sureties on the bond.

The court below, on demurrer, held the foregoing allegations insufficient, and judgment was entered accordingly, to reverse which this appeal is brought.

The doctrine that a surety may avail himself of securities executed in behalf of and for the benefit of the creditor, and that the latter may also resort in like manner to similar instruments given for the protection of the surety, is too well settled, both on reason and authority, to admit of question. (1 Sto. Eq. Jur. §§ 327, 499, 502, 637, 638a ; Haven vs. Foley, 18 Mo. 136, and cases cited ; Homer vs. Savings Bank, 7 Conn. 478, and cases cited ; Vail vs. Foster, 4 Comst. 312.) And no doubt is entertained that Bell stood in such an attitude towards Fetzner as to readily admit and authorize the application of the principle referred to. Thus it has been held, even in an action of assumpsit, that where notes are signed by three persons for a joint debt, each is a principal for one-third, and a co-security for the other two-thirds. (Goodall vs. Wentworth, 20 Me. 322, and cases cited.)

But whatever view might be entertained of the result of such joint contract at law, there could surely be no hesitancy by a court of equity in looking at the transaction under discussion in its proper light, divested of all mere technical formality. When Bell sold out his interest in the partnership to Fetzner, and the latter, in consideration of the sale, covenanted to save the former harmless, and to pay the entire partnership debts, Fetzner became immediately, in contemplation of equity, the principal debtor, and Bell assumed towards him the relation of surety. (Crafts vs. Mott, 4 Comst. 604, and cases cited.)

It will be seen from the foregoing authorities that there is ample equity to support the petition, and warrant equitable interposition, and that there is nothing in the point that there was no privity between the plaintiff and the sureties on the bond. No

privity in such cases is required in order to give equitable relief. Nor is there anything of force in the objection that Smith, the assignee, was not a necessary party.   He was the assignee, and had the possession and control of the bond, the very identical collateral security on which the plaintiff relied to obtain the only measure of redress which was open to him.

For these reasons we shall reverse the judgment, and remand the cause.   Judge Vories absent ; the other judges concur.