R. M. PRICE, Appellant, v. WM. F. REED, Respondent.

Kansas City Court of Appeals, December 2, 1889.

Rehearing denied, January 6, 1890.

| 38 | 501 |
| 59 | 558 |
| 38 | 501 |
| 68 | 298 |

Injunction: STAYING EXECUTION OF JUDGMENT: INDEMNITY. W., a land-owner, borrows money of, and gives his note to, plaintiff, and, in his deed of trust, securing the same, by mistake, misdescribes his land. Defendant afterward bought the land of W., who became insolvent, and agreed with W. and the plaintiff to pay plaintiff the note as a part of the consideration of the land, and, in fact, in making payment for the land, deducted the amount of the note from the purchase money. He subsequently learns of the misdescription, also of certain alleged defects in W.'s title, but sells and conveys the land for full value, by general warranty deed, to an innocent purchaser. In his answer to plaintiff's petition, suing him on said note and promise, defendant denied the promise, set up the defects in W.'s title, and the breach of his covenants of warranty (though W.'s grantor and W., as well as defendant and his grantees, had been, and continued in, peaceable possession), and prayed that plaintiff be restrained from attempting to recover the purchase price of said land until he indemnify defendant against loss, by reason of the failure of title, etc. Held, that, upon judgment being rendered against defendant for the amount of said note, it was error to restrain and stay the issue of execution on such judgment until plaintiff furnish such indemnity.

Appeal from the Audrain Circuit Court.—HON. E. M. HUGHES, Judge.

AFFIRMED.

G. B. Macfarlane and J. G. Trimble, for the appellant.

See brief of respondent in Price, respondent, v. Reed, appellant, ante, p. 589

*Geo. Robertson*, for the respondent.

(1) The prayer for affirmative relief in the answer was proper under the Code. Rem. and Rem. Rights, Pomeroy, secs. 91–97; *Townsend v. Meagher*, 44 Mo. 356. (2) At the death of John V. Pearson, the land descended to the wife, absolutely, and for her and her children's joint use, till the youngest child became of age, hence the administrator's sale of said land, from which Walker derived his title, was void. R. S. 1865, sec. 5, p. 450; *Rogers v. Marsh*, 73 Mo. 64; *Skauten v. Wood*, 57 Mo. 380. This law was in force in 1874, when John V. Pearson died, and was not changed till 1875. Session Acts, 1875, p. 60. (3) Nothing is clearer than that Walker had no title to these lands; then the remaining question is, has Reed a right to withhold the balance of the purchase money till he can be indemnified, or said title made good to him? The affirmative of this proposition seems to be well settled in this state. *Jones v. Stanton*, 11 Mo. 436; Devlin on Deeds, sec. 1097, and authority cited. (4) The mortgagee Price, in relation to the recovery of the purchase money, stands in the shoes of the grantor Walker, and if, for any reason, Walker cannot recover, Price cannot. The children of Mrs. Pearson being minors, Reed cannot bring a suit to quiet title, or in any way deal with them as to it. Suppose Reed, however, could purchase this outstanding title, he would have then an action for breach of contract, against Walker. *Ward v. Ashbrook*, 75 Mo. 517. Or, suppose Walker was suing to recover this purchase money, then Reed could deduct from the purchase money any amount paid out by him for an adverse title, or to remove an encumbrance. Then would it not be equitable to restrain the collection of the purchase price of said land till the title be made good some way? (5) It is immaterial that Reed has conveyed away the land. His warranty deed measures

his liability, and he is as liable to lose as he would be were he in possession of the land.

SMITH, P. J.—From the judgment of the circuit court in this case both the plaintiff and the defendant have prosecuted separate appeals to this court.

To the opinion, delivered in that branch of the case in which defendant appealed, is prefixed rather an extended statement of the nature of the whole case which doubtless will be found sufficient to a correct understanding of the principles which have been applied in disposing of these appeals. The plaintiff by his appeal assails the decree staying and restraining the issue of execution upon the judgment until he execute and file with the clerk of said court a bond to indemnify the defendant against any loss or damage that shall occur to him, defendant, by reason of the breach of the covenants of warranty in the deed from Walker conveying to him said land, on the ground that it is not authorized by the pleadings and evidence. We are of the opinion that the deed of trust from Walker to plaintiff, notwithstanding the misdescription of the land therein, was in equity a lien on the said land for the debt therein mentioned as against the defendant, who, it appears from the evidence, had notice when he purchased the same of Walker. Boone on Mortg., sec. 133; *Martin v. Nixon,* 92 Mo. 34; *Fegart v. Halderman,* 75 Ind. 564. No defense could have been made by defendant to a suit to correct and foreclose the deed of trust which had the force of a mortgage. The defense in such an action could only have been to a personal judgment for the deficiency. *Benedict v. Hurt,* 32 Iowa, 30. The land was a primary fund for the payment of the mortgage debt. *Hartly v. Harrison,* 24 N. Y. 171; *Calvo v. Davis,* 73 N. Y. 215; *Weber v. Zeimet,* 30 Wis. 283; 3 Pomeroy Eq., secs. 1255–1206. The defendant by his sale of the mortgaged land to Mrs. Steele, an innocent purchaser, deprived the plaintiff of his security.

The effect of the decree forces the plaintiff into an unmerited predicament. To the extent of his judgment against defendant he is forced into the shoes of the defendant's insolvent covenanter, Walker. He is practically made liable to the defendant on the covenants of Walker in the event the title to the land shall fail The decree makes it possible for the plaintiff to lose his debt, which was secured by a mortgage on said land, which he could have enforced, and no doubt would have done so, had it not been for the action of defendant in making the sale to Mrs. Steele.

Under these circumstances we think it would be highly inequitable to grant the relief which has been afforded him by the decree, whatever may be the condition of the title. *Crawford v. Edwards*, 33 Mich. 362; *Eller v. Hoache*, 67 Wis. 654.

The other questions discussed by counsel in their briefs we think in the view we have taken of the case need not be noticed.

It results, therefore, that the decree of the circuit court, of Audrain county, restraining and staying the issue of execution on the judgment of the plaintiff against defendant for the amount of the said assumed debt until plaintiff execute the bond of indemnity mentioned in said decree must be reversed, which is ordered accordingly. All concur.

*Rehearing denied, January 6, 1890.*