SADIE WYMAN v. R. G. PASSMORE, Appellant.

**Parent and child:** CONTRACTS FOR SUPPORT: RECOVERY. One of several children, who, at the request of others supports and maintains a parent, is entitled to compensation from them for such services and support; and where the agreement does not fix the amount with sufficient definiteness to support a recovery, it may be had upon proof of reasonable compensation.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

TUESDAY, MARCH 15, 1910.

PLAINTIFF alleges in her petition, which is in four counts, that at defendant's request she cared for and kept the mother of plaintiff and defendant for the period of about five

years, and she seeks to recover on that account either on the
basis of a contract price of $7 per month or on the basis
of a *quantum meruit* at the rate of $15 per month, and
she asks judgment against defendant either for the whole
amount or for defendant's proportionate share of the whole
amount on the basis of its distribution equally among de-
fendant and five brothers and sisters.   Letters relied upon
as obligating defendant to make compensation are attached
to the petition by way of exhibits, and are referred to
in the opinion.   The court sustained a demurrer as to
three of the counts, but overruled it as to the fourth count,
seeking to hold defendant for his proportionate share
of the charge on the basis of *quantum meruit.*   The de-
fendant appeals from the action of the court in overrul-
ing the demurrer as to the fourth count.—*Affirmed.*

*Ryan & Ryan,* for appellant.

*Reed & Tuthill* and *Hunn & Jones,* for appellee.

McCLAIN, J.—The letters relied upon as obligating
defendant to compensate plaintiff for the keeping of their
mother at defendant's request to the extent of one-sixth
of the reasonable value of the services rendered as far as
they contain language material to the issue presented on
the demurrer to the fourth count are as follows:   Defend-
ant wrote to plaintiff: "Mother wants me to write to you
about her affairs.   She wants to stay with one of her
girls.   Now what can you do?   She seems to want to
stay with you.   What do you think it is worth a year to
keep her and what could you pay a year to help keep
her?   Sam and my John and myself have agreed to do
our portion to help keep her.   I did not want to have to
do this, but no one else would so I have to.   Said she
was going to a lawyer to see about it but I told her I
did not think it was necessary as her children could take

care of her without a lawyer." To this letter plaintiff replied: "I will try to answer your letter in regard to Mother. I think it would be worth seven dollars a month to take care of her all the time for mother is getting now where we must expect to give her lots of care, and if the rest can do it any cheaper, alright as for that, and if they want to keep her when the rest have done their part we will do ours with the rest, but wherever Mother is at her death, all must help to bear the expense and we will be willing to do our share. If I take Mother I will have to keep Nellie home for I couldn't do the work alone and she intended going to learn a trade as soon as possible. It is dinner time, so will close, write soon." Defendant made the following answer: "I will answer your letter to-night about Mother. As Mary wouldn't say anything about keeping her but says she will give one dollar a month, we will take her dollar. John says he will do his share and I will do mine and if Sam and Annie are worth it they are going to do their share. So I guess as she wants to come there to stay with you we will let her come. She will start next Wednesday. Now let me know how you want the money, paid by the quarter or every month or how; and when she needs clothes there must be some allowance for that. They have monkeyed long enough about keeping Mother so now they have got to come to it. Lizzie told Mary Sam would give $25 a year towards her support, so I guess he will. He told me also that he would give her some more money this fall but it must be settled what he will give, so one is not going to do it all as it has been. . . . I will close, hoping to hear from you soon, I remain, your loving brother." These letters show that at defendant's request plaintiff had cared for the mother with the understanding that compensation should be made therefor. The court held that there was no specific agreement to pay at a fixed rate of compensation, but that there was a

performance of service by plaintiff, and at defendant's request, and that defendant should pay one-sixth of the amount of a reasonable charge. This ruling was as favorable to defendant as the arrangements disclosed by the letters would justify. There can be no doubt of the proposition that, where one of several children undertakes to keep the parent at the request of others, those at whose request the service is performed are under obligation to make reasonable compensation. *Dawson v. Dawson,* 12 Iowa, 515; *McClay v. Hedge,* 18 Iowa, 66; *Scully v. Scully's Executor,* 28 Iowa, 548; *Rea v. Flathers,* 31 Iowa, 545.

There was no meeting of the minds on the proposition that the charge should be at the rate of $7 per month. Therefore the defendant is not entitled to the benefit of that suggested rate, but is bound to pay on the basis of a reasonable compensation. It is elementary that where there is no specific contract—that is, where having attempted to contract for a compensation to be paid for services to be rendered, the contract is found too indefinite to support a recovery or otherwise void for uncertainty— the person rendering the services is entitled to recover their reasonable value. 1 Beach, Contracts, section 73.

The action of the court in overruling the demurrer to the fourth count of plaintiff's petition is *affirmed.*