## Huey v. Newcomer

*Herbert Margolis*, for plaintiff.

*John L. Spurgeon* and *A. J. Kuzdenyi*, for defendants.

CARR, P. J., July 2, 1956.—This is an action of assumpsit upon an alleged contract of employment. The case is before us on preliminary objections to the complaint, and the questions raised are whether the terms of the contract as pleaded are sufficiently definite to create an enforceable obligation.

The complaint sets forth that on September 14, 1950, defendants, two women interested in an estate of which one of them was executrix, orally employed plaintiff to advise and assist them in their personal and business affairs, promising to pay him for his services "a decent living wage", that in reliance upon

the promise he held himself at all times ready and willing to serve them, that he was consulted by them almost daily, assisted the executrix in the performance of her duties, and aided them both in maintaining, receiving and collecting the assets of the estate until April 22, 1953, when they informed him that his services were no longer needed, and that he "conservatively estimated" that a decent living wage would be $90 a week, amounting, for the 133 weeks during which he was employed, to $11,970.

We agree that defendants' promise of "a decent living wage" is too indefinite and meaningless to be enforceable in terms. It is, however, significant as showing that plaintiff was to be paid something, and therefore, if it is proved to have been made, the law will impose upon defendants a quasi-contractual obligation to pay the reasonable value of the services actually rendered: Bryant v. Flight, 5 M. & W. 114, 151 E. R. 49; Von Reitzenstein v. Tomlinson, 249 N. Y. 60, 162 N. E. 584; Kearns v. Andree, 107 Conn. 181, 139 Atl. 695; Wyman v. Passmore, 146 Iowa 486, 125 N. W. 213; Blair Engineering Co. v. Page Steel & Wire Co., 288 F. 662; I Williston on Contracts, §49.

The action is not one for the breach of an executory contract of employment, but for services actually performed at the request of defendants, and in such cases, the action does not fail merely because the promised rate of pay is not sufficiently certain to provide a practical measure of damages. But good pleading requires that an opponent be informed of what he has to meet, and in this respect the complaint is entirely inadequate. Defendants are entitled to an itemized statement of the services rendered, their nature, their particular value and the circumstances under which they were rendered, including times and places. Damages in support of an action in quantum meruit are essentially special, and must be pleaded in accordance with

Pa. R. C. P. 1019 (*f*) : Lenker v. Thayer, 3 D. & C. 2d 117.

### Order

And now, July 2, 1956, upon consideration of the foregoing case, preliminary objections nos. 4, 5, 6 and 7 are sustained, and leave is granted to file an amended complaint within 30 days.