### The City of Kansas *ex rel.* Blumb, *Appellant*, v. O'Connell *et al.*

1. **Contract: INDEMNITY BOND: LIABILITY OF CITY CONTRACTOR.** A bond executed to a city by a contractor, to secure the performance of city work, and which contains a provision that the contractor shall be responsible for all unlawful damages to persons from negligence or carelessness in doing the work, and shall indemnify the city against all losses and claims for damages on account of such neglect or carelessness, is not available to third persons for the satisfaction of personal injuries received by them through the neglect of the contractor performing the work.

2. ———: ———. The foregoing provisions of the bond are ones of indemnity in favor of the city, and create no liability in favor of third persons.

*Appeal from Jackson Circuit Court.*

Affirmed.

*W. J. Scott* for appellant.

The petition sets forth facts sufficient to constitute a cause of action, if there is any liability on the contractor and his bondsmen, by reason of the execution of

the contract, set forth in plaintiff's petition, and for the breach of the following conditions therein plaintiff sues: "That the said party of the first part shall be responsible for all unlawful damages to persons or property from negligence or carelessness in doing said work." See definition of responsible. Webster's Dictionary; 2 Bouvier's Law Dictionary. "Liable to account for, accountable, as for a trust or for a debt." "Responsibility, the obligation to answer for an act, or repair injury caused by it." This contract and bond were made with the city, and after the clause therein, above quoted, they further agree "to indemnify the city against any claim for damages on account of said negligence." But the words first above quoted are, "shall be responsible for all unlawful damages to persons or property." Responsible to whom? They could not be responsible to the city for damages to person or property. The city could have no cause of action against them for damages to some individual, except on the indemnity clause. If it was the intention of the parties only to be bound by the indemnity clause, why was the responsible clause also put in the contract? It is evident, that others than the parties to the contract were considered in the making thereof.

*Gage, Ladd & Small* for respondents.

The respondents are not liable on the bond set out in the petition to the plaintiff. They are only liable to the City of Kansas for such damages as the city may actually sustain by reason of O'Connell's negligence in performing the contract. The bond is one simply to indemnify the city. *Valentine v. Wheeler*, 122 Mass. 566; *Merrill v. Green*, 55 N. Y. 270; *Harrisonville v. Porter*, 76 Mo. 359; *Prior v. Kiso*, 81 Mo. 249–50. As has already been stated, this court has decided that the city was not liable to plaintiff for the injuries she sustained. *Blumb v. City of Kansas*, 84 Mo. 112.

BLACK, J.—This is a suit in the name of the City of Kansas, to the use of Mary Blumb, against O'Connell, and against five or six other persons, who are the sureties of O'Connell, on his bond to the city. O'Connell was not served, and the sureties are the only parties defendant before the court. Defendant's objection to the introduction of any evidence was sustained, and the plaintiff took a non-suit, with leave.

The question, therefore, is, whether the petition states a cause of action. It discloses these facts:— O'Connell was the contractor with the City of Kansas, for the construction of a district sewer, and gave the bond, upon which this suit is based, to secure the performance of that contract. During the performance of the work, Mary Blumb received personal injuries from a fragment of a stone, thrown upon her, by reason of the negligence of O'Connell and his laborers, in blasting out the excavation for the sewer. For these injuries, she sued O'Connell and the city, and recovered a judgment for twenty-five hundred dollars, which remains unpaid, and in full force, as against O'Connell, though reversed and annulled as to the City of Kansas.

The bond is in the form of a contract, O'Connell being party of the first, the sureties of the second, and the city of the third, part, and contains, among others, the following stipulations: "It is further distinctly agreed that the said party of the first part shall be responsible for all unlawful damages to persons or property, from negligence, or carelessness, in doing said work, or in not using proper precaution, between commencing and completing the job, by barricades, signals, lights or otherwise, to prevent injury to persons or property from said work, and the approaches thereto, and shall indemnify the City of Kansas against all losses or claim for damages, on account of such neglect, or carelessness; and the said party of the first part covenants with said City of Kansas to pay all laborers

employed on said work. * * * Said parties of the
second part hereby guarantee that said party of the
first part will well and truly perform the covenants,
hereinbefore contained, to pay all laborers employed on
said work, but they shall not be liable, on this guaran-
tee, beyond two thousand dollars, the estimated cost of
the labor on said job; and said parties of the second
part hereby agree with said City of Kansas that said
party of the first part will well and faithfully perform
each and all of the terms and stipulations in the fore-
going contract to be done, kept and performed on the
part of the said party, and said parties of the second part
shall not be liable hereon beyond the sum of eight
thousand dollars.''

The plaintiff, it will be seen, takes the ground that
this bond is available to her for the satisfaction of the
injuries which she received; and the defendants insist
that their contract is simply one of indemnity to the
city, and that plaintiff cannot sue upon the bond.

Section 8, of article 9, of the city charter (Acts of
1875, p. 255), provides that contracts of the character of
the one here in question shall contain a covenant, on the
part of the contractor, to pay all laborers, which cove-
nant shall be guaranteed by two or more sureties, who
shall not be liable beyond the estimated cost of the
labor on the job, to be stated in the contract. The same
section goes on to give the laborers an action upon the
contract, and prescribes the procedure. But the charter
makes no such provisions in favor of other persons.
Nor is it claimed that there is any statute which gives
to plaintiff a right to sue on this bond.

The bond is of a dual character. It is statutory as
to the covenant to pay the laborers, and as to that cove-
nant, the penalty is separately fixed and stated. In other
respects, it is but a common-law undertaking. The
substance of the covenant, relied upon by the plaintiff
is, that the contractor shall be responsible for all

unlawful damages to persons, from negligence, or carelessness, in doing the work, and shall indemnify the city against all losses or claims for damages on account of such neglect or carelessness. As to laborers, the agreement is to "pay all laborers employed on said work." Aside from the covenant as to laborers, the object and purpose of the bond is to secure a performance of the work according to the terms of the contract, and to protect, and save harmless, the city from damages occasioned by the negligent acts of the contractor and his servants. In these respects, it is not an agreement with the city for the benefit of third persons, but for the protection and benefit of the city. Whether the city could require the contractor to give a bond, which would be available to third persons in case of injuries received by them, on account of the negligence of the contractor, is a question which need not be considered. This bond must be construed as a whole, and when this is done, aside from the covenant to pay laborers, it is simply one of indemnity to the city. It does not profess to create any obligation in favor of third persons, save in the single case of laborers.

The petition shows no cause of action against the defendants, and the judgment is affirmed. All concur.