CITY OF PAWTUCKET *vs* PAWTUCKET ELECTRIC COMPANY.

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Municipal Corporations.   Waiver of Quasi Contractual Liability by Special Agreement.*

Where a corporation authorized to use the highways of a city entered into an agreement and bond with the city to save it harmless from all damages occurring from any act of the company in the exercise of its franchise, by which agreement the rights, duties, and liabilities of the parties were changed in many respects, the common-law liability of the company to indemnify the city against loss due to the company's negligence is superseded by the special agreement, and the only liability to the city is the liability thereby created.

TRESPASS ON THE CASE.   Heard on demurrer to defendant's pleas.   Demurrer overruled.

BLODGETT, J.   The plaintiff declares in case for the recovery of the amount of a judgment for the sum of $2,250 with interest and costs, which it has been obliged to pay to one Ryder because of a defect in a highway, which defect it is averred was caused· by the act of the defendant in the improper laying of certain underground pipes therein, under the provisions of an ordinance of the city duly accepted in writing by the defendant.   The provisions of this ordinance the defendant has duly given a bond in the sum of $10,000 to perform.

The defendant· has pleaded the ordinance and bond in abatement, and maintains that its liability, if any, is to be determined thereby and not otherwise; and to this plea the plaintiff has demurred, contending that the latter liability is a cumulative

liability merely and does not preclude a resort to a present right of action in case.

By agreement of parties the ordinance and the bond are made a part of the pleadings in the case.

It is indisputable that the parties to a contract may create a new and alternative remedy for its breach without interfering with the common law rights, duties, and remedies existing apart from the contract, and when that intent is manifest it may properly control. Indeed, it may often be presumed that such was the intent if both rights and remedies can coexist without inconsistency or incongruity.

(1) In the case at bar an examination of the ordinance and bond in question shows that the respective rights, duties, and liabilities of the parties are changed thereby in many respects. Among these changes it may be observed that the limit of liability on the bond is $10,000, although the city may be put to an expense far in excess of that amount. The company is to pay a certain sum for the use of the streets for a certain term, and in consideration thereof contracts to save harmless the city, as follows:

(Section 2, Clause E.) "The said company, its successors and assigns, shall at all times save and keep the city of Pawtucket, its officers, servants, agents, and employes, fully indemnified from all loss, damages, costs, and expenses, that may in any wise occur from any act or omission of said company, its successors and assigns, and its or their officers, servants, agents, and employees; and if any proceeding whatsoever be instituted against said city, or its city treasurer, because of any such act or omission, the said company, its successors and assigns, shall assume defence thereof at its or their own cost."

This is a clear extension of the ordinary liability for their own negligence only.

Again, the company binds itself to "keep all portions of the streets and sidewalks so replaced by them, in good condition for twelve months from the time of replacing the same," even though such work of repairing be done by the city.

It is evident that independent of the ordinance there is no liability upon the part of the defendant to keep the streets in

repair for twelve months, or for any other period after approval and acceptance of such work by the city; and it is even more apparent that the defendant would not be liable otherwise for the default of the city in making such repairs.

Enumeration might be made of other differences, such as the statutory period of limitations of twenty years in debt and of six years in case, and the survivorship of the right of action as against an individual defendant similarly situated; but these considerations are sufficient to compel the conclusion that, inasmuch as the parties have heretofore entered into a contractual relation to determine their respective rights and liabilities upon the happening of precisely the contingency which has now arisen, reason no longer remains for the imposition of an implied or non-contractual liability and they must be relegated to their own voluntary agreement relative thereto, and that the form of agreement and the convention of the parties are to prevail over the provisions of the law "*Modus et conventio vincunt legem.*" *Barrett* v. *Duke of Bedford*, 8 Term Rep. 605; *Baber* v. *Harris*, 9 Ad. & El. 535; *Schlencker* v. *Moxsy*, 5 Dow. & Ryl. 750; *Jones* v. *Hill*, 1 Moore, 100.

An examination of the decisions cited by the plaintiff shows that, in certain cases, indeed, a plaintiff may sue in assumpsit or may rely upon the tort. But no one of them is a case of this nature, and, on the contrary, all the cases which counsel have cited in which a municipality has sought to recover from a contractor under similar circumstances present questions arising upon a contract or upon an ordinance or a bond, and all of them apparently proceed upon the theory that the only liability is the liability thereby created.

Thus in *Taylor* v. *Dunn*, 80 Texas, 654 (1891), in holding that such an ordinance did not give a right of action to a third party, but that a certain section of the ordinance, as between the city and the contractor, became a contract upon the acceptance of the rights conferred by the ordinance, to which the city might look, and which it might enforce in any case in which it, as well as appellant, might be liable on account of his acts or omissions, the court say (p. 668): "This action is based on the ordinance granting the use of the streets to ap-

pellant, the bond executed by him, and his liability under the general principles of law applicable to the facts stated; and we may now state, as seems to be conceded by appellee, unless liable under the ordinance or bond that he is not liable at all." After considering a certain clause in the ordinance in question, the court continue (p. 669): "It may be conceded that this, however, did not relieve appellant from any obligation imposed on him by the ordinance or bond under which he acquired the right to construct and operate the railway, but it did relieve him from any liability that might have rested upon him had Wilke for him been performing a service unlawful in itself, even as an independent contractor, through which the injury occurred. From this it follows that if appellant is liable this liability must exist, as claimed by the appellee, under contract created by the ordinance or bond through which he acquired the right to construct and operate the railway or through both."

The decision in *Water Co.* v. *Ware*, 83 U. S. 566, seems also to base the liability over of a contractor on his contract with the municipality. Thus the court say (p. 575), in speaking of an agreement of indemnity given to the city by the contractor: "Such an agreement would not acquit the municipality of an obligation, otherwise attaching, to keep the streets safe and convenient for travellers, but it may well be held that a party injured through a defect or want of repair in such a street, occasioned by the neglect or carelessness of such a contractor in doing the work, or of those for whose acts he is responsible, may, at his election, sue the contractor for redress or pursue his remedy against the municipality, as it is clear that the contractor, in case of a recovery against the latter, would be answerable to the municipality *as stipulated in his agreement.*" While the law is well settled in this State, by repeated adjudications, that a contractor or third person may be thus answerable over to a municipality in the absence of a contractual relation between them—*Bennett* v. *Fifield*, 13 R. I. 139; *Pawtucket* v. *Bray*, 20 R. I. 17,—yet a contrary view was held in *City of Buffalo*, v. *Holloway*, 7 N. Y. 493; and while we are of opinion that the weight of later authority establishes the law elsewhere as

it has been held to be established in this State, it is instructive to consider that liability in such a case as the one at bar has not been unanimously conceded elsewhere unless upon a contract relative thereto.   And see *Spokane* v. *Costello*, 33 Wash. 98; *City of Kansas* v. *O'Connell*, 99 Mo. 357; *Becker* v. *Keokuk Waterworks*, 79 Ia. 419; *City of New York* v. *Baird*, 176 N. Y. 269.

Demurrer overruled, and cause remanded to the Common Pleas Division for further proceedings.

*Edward W. Blodgett,* for plaintiff.

*Gardner, Pirce & Thornley, William W. Moss, and Edwards & Angell,* for defendant.